## PENCINSE *v.* BURTON.

### PRACTICE—APPEAL—UNDERTAKING.

An appellant cannot, under subdivision four of section 527, of the civil code, have permission to file a new undertaking for appeal, without making it appear, to the satisfaction of the court, that his omission to file a sufficient undertaking within the time allowed by subdivision two of said section, has occurred through unavoidable accident or excusable mistake.

APPEAL from Wasco.

*J. E. Atwater,* for appellant.

*W. Lair Hill,* for respondent.

By the Court, WATSON, J.:

A motion was filed in this case by the respondent, to dismiss the appeal upon several grounds. At the hearing, however, all these grounds were expressly waived by respondent's counsel, except the three last, to which the attention of the court was exclusively directed. They are as follows:

" No sufficient undertaking for the appeal was filed.

" It does not appear that the surety on the undertaking for appeal possesses the qualifications required by law.

" It appears by the record that the circuit court had no jurisdiction to reverse or modify the judgment of the justice's court, upon a writ of review."

Previous to the hearing, appellant's counsel filed his cross-

motion for leave to file a sufficient undertaking, but stating no grounds therefor.

In regard to the last objection made by respondent, it is proper to say, that it has not been the practice of the court heretofore to determine such questions, involving the merits of the case below, on a mere motion to dismiss, and without the aid of counsel's brief and arguments directed exclusively to those questions, we are not willing to establish a precedent in this or any other case, at variance with the practice of the court in this respect.

For these reasons we shall confine ourselves exclusively to the objections raised as to the sufficiency of the undertaking.

In the rule laid down in this court, in *Holcomb* v. *Teal*, 4 Oregon, 352, and uniformly adhered to ever since, there can be no question but that the back of the affidavit, showing the qualifications of the surety on the appeal bond, is a fatal defect, and unless the court can now grant the appellant leave to file a new and sufficient undertaking, the appeal must be dismissed.

While the defect in the undertaking is not as plainly pointed out by the motion to dismiss as it probably might have been, we nevertheless think it shows the ground of the objection with sufficient certainty.

As the qualifications of a surety on an undertaking for an appeal must appear in an affidavit filed with such undertaking, an objection that "it does not appear that the surety possesses the requisite qualifications," would denote, very strongly, either the absence or insufficiency of the required affidavit. We hardly think the motion misleading, and counsel for appellant does not claim to have been misled by it.

The question then is, can the court, upon the state of facts before it, give the appellant permission, under subdivision four of section 527 of the civil code, to file a sufficient undertaking? We are of the opinion that such permission cannot be granted.

Conceding that the cross-motion was filed in time, still

there is no showing that the notice of appeal was given in good faith, and that the omission to file an affidavit showing the qualifications of the surety on the undertaking for appeal occurred through any excusable mistake or unavoidable accident.

For aught that appears to the court, the appellant may not have given his notice of appeal in good faith, or may not have intended from the outset to give a good and sufficient undertaking, such as the statute requires.

The permission to file a new undertaking, under the subdivision of the section above referred to, is not a matter of course, but depends on the fact whether the omission to file a sufficient undertaking in the first instance occurred through mistake or not.

In this case there is no showing of any mistake—no claim, even, that there was any—and the permission cannot be granted.

The appeal is dismissed.