T. H. HANCOCK. Adm'r, v. JAMES E. BRAMLETT.

*Appeal Bond—Vendor and Vendee—Specific Performance.*

1. Where the case states that a " bond fixed at $— is filed and approved" by the judge, the acquiescence of the appellee in its sufficiency will be assumed, and consequently a waiver of his right to make the objection in this court. (Construction of the act in reference to sureties to an appeal. C. C. P., § 303.)

2. Where in a contract for purchase of land, it is impossible for a vendor to comply strictly with his bond to make title, and the vendee waives his right to annul he must submit to the partial execution of its provisions so far as they can be carried into effect, and be content with a proper reparation in money for such as can not be performed.

CIVIL ACTION tried at Fall Term, 1881, of CLAY Superior Court, before *McKoy, J.*

The defendant appealed from the judgment of the court below.

*Mr. J. H. Merrimon* for plaintiff.
*Messrs. Gray & Stamps* and *G. A. Shuford*, for defendant.

SMITH, C. J. The plaintiff moves to dismiss the appeal for non-compliance with the directions of section 310 of the Code, in that the written undertaking required to secure the costs of the appellee by section 303 is not accompanied with the affidavit of the surety that he is worth double the amount specified therein. We do not assent to a suggested construction of this enactment which confines its force to the intervening sections 304 to 307, inclusive, by reason of its reference to the *sureties* in the plural, as mentioned in each of them, while a single surety is sufficient on appeal under section 303. But these provisions must be interpreted in their mutual relations as they existed when the Code was adopted, and then " *at least two sureties*" were necessary in the first as in the succeeding sections prescribing the conditions of appeal, so that no distinction based upon the use of the word "sureties" was admissible. The amendment made by the act of 1871–72, ch. 31, cannot change the construction which applies the clause to all the appeals before mentioned. This interpretation is supported by the direct reference and limitation of sections 308 and 309 to such appeals as are perfected under sections 304, 305, 306 and 307, while no such restriction is found in section 303, which declares that " an undertaking upon an appeal shall be of no effect unless," &c., language comprehending every form of appeal.

But we deny the motion for a different reason. The case sent up, signed by the presiding judge, states that the "bond fixed at $25" is " filed and approved ;" that is, as we under-

stand, the undertaking in its present form and under seal is tendered, and there being no objection, accepted in open court. The acquiescence of the appellee in its sufficiency must therefore be assumed, and consequently a waiver of his right to make the objection in this court. The undertaking is for the security of the appellee, and if he had objection to the ability of the surety to make good the penal sum mentioned in the undertaking, and it was tendered and received by the judge in his presence, he should then have made his objection known, and not wait until the record is transmitted and the cause entered in this court. Such omission must be deemed a waiver on his part, and the motion to dismiss cannot be entertained now.

We proceed then to consider the case upon its merits.

The plaintiff's intestate in June, 1877, for the consideration of eight hundred dollars, executed a bond, signed also by his wife, wherein he covenants with the defendant on payment of the purchase money, to make a good and lawful title in fee to the tract of land therein mentioned and of defined boundaries. The defendant has paid one moiety of the debt, and for the residue given his bond to the intestate, payable on November 1st, 1878, and bearing interest after the same day of the year preceding. The action is to recover the money due on this bond, and is resisted on the ground that a lot (parcel of the premises) has been conveyed to one George W. Sanderson, and one Cheek holds a lease encumbering another portion, to neither of which could the intestate in his life time, nor his administrator, the plaintiff, now, make the title and convey the estate embraced in the contract. The defendant does not in his amended and modifying answer demand a rescission of the agreement, but insists on a specific performance, and demands compensatory damages for the loss of the lot and the impaired value produced by the superimposed lease; and he further contends that no good and sufficient deed, such

.as is contemplated in the covenant, has been tendered or
can be made, without which no recovery can be had of the
unpaid purchase money.

Upon issues prepared and submitted to .the jury, they
.assess the damages sustained by the defendant, upon a
specific execution by reason of the vendor's inability to make
title to the lot, at $20, and the encumbrance at $65.

The defendant asked that this further issue be submitted :
" Did the plaintiff's intestate or the plaintiff tender a good
and sufficient deed of conveyance to the defendant before
bringing his suit?"   This was refused for the reason that the
proofs pertinent to it could be offered under the third issue,
to-wit: " Has the plaintiff's intestate complied with the con-
dition of the bond for title?" and for the further reason
that an averment of such tender made in the complaint is
met with the evasive denial in the answer, "that no good and
sufficient deed of conveyance has been tendered to defendant
and defendant is advised and believes that the plaintiff can-
not make a good and sufficient deed of conveyance to the
lands mentioned in the plaintiff's complaint and *contracted
to the defendant,"* thus not putting in issue the validity of the
title to the residue of the tract, while remuneration is pro-
vided for the part to which the vendor had none, or an im-
perfect title. The defendant offered no evidence on the
point, nor is any inquiry suggested or asked to be made
under a reference, or by a jury, as to the sufficiency of the
title of the intestate, which the plaintiff can convey under
the enabling statute, to the entire tract outside of the parts
mentioned.

We must assume then that while the defendant does not
repudiate the agreement, and demands remuneration for
the imperfect manner in which it can be performed, he op-
poses the demand for payment of the remaining purchase
money,  reduced by the estimated value of this very injury,
upon the ground that he will not acquire a full estate in all

the land comprehended in the covenant. This cannot be allowed. When the defendant waives his right to annul, he must submit to the partial execution of its provisions so far as they can be carried into effect, and be content, with a proper reparation in money for such as cannot be performed. The judgment makes adequate provision for the protection of the defendant, in requiring the deposit of proper title deeds with the clerk before any process shall issue to enforce the judgment.

Should a sale become necessary, it should be reported for confirmation of the court, and meanwhile the cause be retained.

There is no error and this will be certified for such further proceedings as may become necessary in the court below.

No error. Affirmed.