ALBERT S. BRYSON v. HERMAN S. LUCAS.

*Appeal—Bond for Costs.*

Where a bond for costs of an appeal was not justified by the surety, but simply endorsed by the clerk—" the within bond is good ; " *Held* not to be in compliance with the law for perfecting appeals.

MOTION by defendant for a restraining order and to vacate a judgment (rendered in MACON Superior Court) heard at Chambers on the 21st of September, 1881, before *McKoy, J.*

His Honor granted a temporary restraining order but refused to vacate the judgment and the defendant appealed to this court. There was a motion here on the part of counsel for the appellee to dismiss the appeal, upon the ground the

bond given to secure the costs in this court was not justified
by the surety.

*Messrs. Gray & Stamps,* for plaintiff.
*Mr. J. H. Merrimon,* for defendant.

ASHE, J. It is expressly declared in section 303 C. C. P.
that, " an undertaking upon an appeal shall be of no effect,
unless it be accompanied by the affidavit of the sureties
that they are each worth double the amount, specified
therein." " To render an appeal effectual for any purpose a
written undertaking must be executed on the part of the
appellant with good and sufficient surety," &c., and by sec-
tion 310 C. C. P. it is declared that " an undertaking upon
an appeal shall be of no effect unless it be accompanied by
the affidavit of the sureties that they are each worth double
the amount specified therein.

This section has been interpreted at this term of the court
in *Hancock* v. *Bramlett* to bear the same construction it did
before the section 303 was amended by the act of 1871–'2
ch. 31 § 1, which provided that one surety was sufficient on
an appeal bond for costs.

In this case the bond was not justified by the affidavit of
the surety, but bore the endorsement of the clerk, to wit:
" The within bond is good." This we hold is not a compli-
ance with the law for perfecting appeals, and is distinguished
from the case of *Hancock* v. *Bramlett supra.,* for in that case
the presiding judge in the case on appeal states that the
bond fixed at $25 is " filed and approved," and it was pre-
sumed that the bond was taken in open court under the su-
pervision of the judge. But this bond is approved by the
clerk, it may be privately, when the appellee had no notice
of its being filed or any opportunity to object to its suffic-
iency.

The motion to dismiss must be sustained.

PER CURIAM.                    Appeal dismissed.