HARSHAW'S EXECUTORS *v.* S. A. McDOWELL, Administratrix.

*Appeal, undertaking on, justified by one surety.*

1. An appeal will be dismissed on motion of the appellee, if it is not perfected according to law.

2. In all cases of appeal, except *in forma pauperis,* a written undertaking is required (unless properly waived), and one of the sureties must make affidavit that he is worth double the amount specified therein. THE CODE, §§552, 560.

(*Hancock* v. *Bramlett,* 85 N. C., 393; *Bryson* v. *Lucas, Ib.,* 397, cited and approved).

MOTION to dismiss an appeal heard at October Term, 1883, of THE SUPREME COURT.

No counsel for plaintiff.
*Messrs. Reade, Busbee & Busbee,* for defendant.

MERRIMON, J.   The appellant, in all cases, should be careful to see that the errors upon which he insists are properly assigned, and that in all respects his appeal is perfected.   If he fails to do so, as the law requires, it is his own neglect, and he cannot complain if his appeal fails or is dismissed.

THE CODE, §552, requires that, "to render an appeal effectual for any purpose in any civil cause or special proceeding, a written undertaking must be executed on the part of the appellant, with good and sufficient surety, in such sum as may be ordered by the court, not to exceed the sum of two hundred and fifty dollars, to the effect that the appellant will pay all costs which may be awarded against him on the appeal, or such sum as may be ordered by the court must be deposited with the clerk by whom the order was entered, to abide the event of the appeal: such undertaking or deposit may be waived by a written consent on the part of the respondent."   This language is plain, strong and mandatory.   It does not simply prescribe a form; it is not merely directory; it requires a thing to be done that is of the substance of the appeal, and it can be dispensed with only by a written waiver on the part of the respondent or appellee.   It is not within the discretion of the court to dispense with it.

THE CODE, §560, further provides in like strong and mandatory terms, that "an undertaking upon appeal shall be of *no effect* unless it be accompanied by the affidavit of one of the sureties that he is worth double the amount specified therein." This is a modification of the C. C. P., §310: it required all the sureties to make a like affidavit. And the sufficiency of the sureties may be excepted to as provided.   Of course these statutory provisions do not apply to cases where a party sues as a pauper.

In this case the appellant executed an undertaking upon the appeal with a surety, but the surety did not make affidavit as required by the statute. The clerk certifies that it was "sworn and subscribed before me;" but who was sworn, and what the person swearing swore, does not appear. This swearing was not the affidavit required. It does not appear to be a substantial compliance in a material respect with the statute. It must appear by the affidavit that the surety was worth double the amount of the undertaking. An affidavit is not simply the taking of an oath: it is what is said under oath, duly taken and reduced to writing, and the writing ought to be subscribed by the affiant.

We have examined the record carefully to see if there is anything in it that could be construed to be a *waiver* of a justified undertaking, and we find nothing. Where the appellant is in court and the bond is offered and accepted without objection, and this is noted in the record, this is construed to be a sufficient *waiver* in writing under the statute. *Hancock* v. *Bramlett,* 85 N. C., 393; *Bryson* v. *Lucas, Ib.,* 397.

The appeal was not perfected according to law, and the defendant is entitled to have her motion to dismiss the appeal allowed.

PER CURIAM.                    Appeal dismissed.