A. B. McMILLAN v. NANCY NYE, Adm'x.

*Appeal—Justification of Bond—Waiver must be in writing or noted on record.*

Where an unjustified undertaking on appeal was filed with and approved by the clerk, as shown by his memorandum, but no note made on the record that the same was accepted by the appellee without objection; *Held*, that the subsequent signing by the counsel of the appellee of the case settled for this court, does not constitute a waiver in writing of the legal requirements

in perfecting appeals; and hence the motion to dismiss the appeal for want of justification of bond was allowed.

(*Harshaw v. McDowell*, 89 N. C., 181; *Howerton v. Henderson*, 86 N. C., 718, cited and approved).

Motion to dismiss an appeal from Ashe Superior Court, heard at February Term, 1884, of The Supreme Court.

*Mr. J. W. Todd*, for plaintiff appellee.
*Messrs. D. M. Furches* and *G. N. Folk*, for defendant.

Merrimon, J.  The appellee moved to dismiss the appeal in this case upon the ground that the undertaking upon appeal had not been justified as required by the statute.

The appellant admitted the ground assigned, but insisted that the appellee's counsel had, *after the undertaking had been filed*, signed and assented to the case settled upon appeal for this court, and had thus *waived* all objection to it.

This cannot be construed to be a waiver of the requirements of the statute in respect to perfecting appeals.  In providing that an undertaking upon appeal shall be given, or a deposit of money in lieu thereof shall be made, The Code, §552, among other things, provides " that such undertaking or deposit may be *waived by a written consent* on the part of the respondent." And section 560 provides that " an undertaking upon appeal shall be of no effect unless it be accompanied by the affidavit of one of the sureties that he is worth double the amount specified therein."

This court in construing these provisions of the statute in *Harshaw v. McDowell*, 89 N. C., 181, said : " Where the appellant is in court and the bond is offered and accepted without objection, and this is noted in the record, this is construed to be a sufficient *waiver* in writing under the statute."

Now, in this case it does not appear that the undertaking was offered and accepted without objection and the fact noted in the record.  Indeed, it does not appear that the attention of the court was called to it at all.

The single fact tending to show that it was brought to the notice of the court, and that the counsel of the appellee saw or knew of it, is the memorandum made by the clerk, whether on or off the undertaking does not appear, in these words: "The same (referring to the undertaking) filed and approved May 21st, 1883. J. M. Dickson, C. S. C." The undertaking and this entry are copied into the transcript of the record next before the case settled upon appeal.

This is a slight fact, raising not more than ground for conjecture that the court had any knowledge of the undertaking, especially in the absence of any order respecting it. The clerk had authority to receive and file it, but he had no authority to make any entry in the record touching it, and in order to create the *waiver* of the undertaking and the requisites in perfecting it, it must have been offered and accepted by consent of the appellee in terms, or implied by his failure to make objection in court, and a note of this fact made in the record. This would have been a sufficient waiver in writing. It is essential that the waiver should be *in writing,* and so made of purpose, and with the assent of the appellee. A slip or inadvertence cannot be treated as a waiver. The statute has expressly made the undertaking and the justification thereof a substantial and necessary incident to appeals, except in the case provided otherwise, and it can be dispensed with only in the way prescribed by law. It is the plain duty of the court to effectuate the legislative purpose. We cannot impair its force by strained constructions in aid of negligent appellants.

The counsel for the appellant insisted on the argument that it sufficiently appears that the counsel for the appellee signed the case settled upon appeal *after* the undertaking was filed, and thus waived all objection to it, and relied upon the case of *Howerton v. Henderson,* 86 N. C., 718. He clearly misapprehends the meaning of the court in that case. Mr. Justice RUFFIN, in delivering the opinion, assigned, as a reason why the writ of *certiorari,* in lieu of an appeal, should be allowed, the fact, that

the appellees had waived any objection to the appeal bond by signing the case settled upon appeal after the bond was filed, but he did not mean a waiver in the sense of the statute—that he had " waived by a written consent on the part of the respondent" all legal objection to the appeal bond. This could not be so, unless there had been a note of such waiver in the case settled, and there was none, either in terms or words that could be so construed. At the term next before the opinion was delivered the appeal in that case had been dismissed upon the ground that the undertaking had not been waived and had not been properly justified.

The undertaking upon appeal in this case has not been perfected as the law requires, nor has it been waived by a written consent, in or out of the record. The motion to dismiss must therefore be allowed. Motion allowed.

Appeal dismissed.