THOMAS F. ANTHONY v. THOMAS W. CARTER.

*Appeal Bond, justification of.*

An appeal bond must be accompanied by an affidavit of one of the sureties that he is worth *double* the amount specified therein (*Tur-*

*ner* v. *Quinn*, *ante*, 92). Though the justification of two sureties may be equal to double the amount of the undertaking, yet it is not a compliance with the statute, which is peremptory, and the court cannot disregard it.

(*Lytle* v. *Lytle*, 90 N. C., 647, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1884, of ALLEGHANY Superior Court, before *Gilmer, J.*

The action was brought against the defendant for breach of an alleged contract entered into by the defendant to account to the plaintiff for the rents and profits of the land described in the complaint.

The case having been at issue on the pleadings, a motion was made by the plaintiff to have a reference for an account. The defendant resisted the motion, but it was granted, and the case referred. From the order of reference the defendant appealed, and the appeal bond was fixed by the court at fifty dollars.

The bond filed was as follows: " We, the undersigned, do hereby bind ourselves, our heirs, &c., in the sum of fifty dollars to the plaintiff in this case, to be void on condition that Thomas W. Carter pay all costs that may be adjudged against him in the supreme court of North Carolina, because of this appeal." (Signed and sealed by J. M. Gambill and J. H. Doughton.)

[Justification.] " We being sworn, each states that he is worth fifty dollars over and above his homestead and personal property exemption and liabilities." (Signed by Gambill and Doughton, and sworn to before the clerk.)

There was a motion to dismiss the appeal upon the ground that the bond was not justified according to law.

*Messrs. Watson & Glenn*, for plaintiff.
*Messrs. Battle & Mordecai*, for defendant.

COWLES v. HARDIN.

ASHE, J.  THE CODE, § 560, declares that " an undertaking upon an appeal, *shall be of no effect* unless it be accompanied by the affidavit of one of the sureties that he is worth double the amount specified therein."

Here, there are two sureties, and neither justifies in double the amount specified in the undertaking, though each does swear that he is worth the amount of the undertaking after deducting his exemptions, &c., and the justification of the two is equal to the double the amount of the undertaking.  But that is not a compliance with the statute.  And the statute is so peremptory that we do not feel at liberty to disregard its express requirements.  The court so held in *Lytle* v. *Lytle*, 90 N. C , 647.  The appeal must be dismissed.

Appeal dismissed.