STATE v. A. L. WAGNER.

*Appeal Bond, insufficiency of.*

An appeal will be dismissed, on motion of the appellee, where the surety to the undertaking fails to justify that he is worth *double* the amount specified therein, unless there be a waiver in writing on the part of the appellee, or unless a sum of money, in lieu of an appeal bond, is deposited with the clerk by order of the presiding judge. Cases in which a waiver will be presumed, reviewed by MERRIMON, J.

(*Harshaw* v. *McDowell*, 89 N. C., 181; *McMillan* v. *Nye*, 90 N. C., 11; *Hancock* v. *Bramlett*, 85 N. C., 393; *Bryson* v. *Lucas, Ib.*, 397, cited and approved).

PROCEEDING in Bastardy heard at Spring Term, 1884, of WATAUGA Superior Court, before *Shipp, J.*

This proceeding was instituted before a justice of the peace by one Mary L. Tice, upon whose complaint and affidavit, that the defendant was the father of a bastard child begotten upon her, the defendant was arrested, tried and adjudged to be the father of the child, and to pay a certain sum per month for its support. The case was brought to the superior court by a writ of *recordari,* and the defendant moved to dismiss the proceeding for certain causes—not material to be stated in order to an understanding of the opinion of this court—and the motion was refused.

Judgment for the plaintiff, from which the defendant appealed. In this court a motion to dismiss the appeal was made upon the grounds stated in the opinion.

*Attorney-General*, for the State.
No counsel for the defendant.

MERRIMON, J. The appellee moved to dismiss the appeal upon the ground that the surety to the undertaking had failed to make affidavit that he was worth *double* the sum of money therein specified; and it so appeared.

The defect is fatal to the appeal, unless there has been a *waiver* of the undertaking, in writing, on the part of the appellee, or unless a sum of money in lieu of the undertaking was deposited with the clerk by order of the court. THE CODE, §§ 552, 560; *Harshaw* v. *McDowell*, 89 N. C., 181.

No such deposit appears to have been made, and we find no such waiver in writing, in or out of the record. At one place in the record we find this writing—"Bond fixed at $25; *bond filed*," but it does not appear that the court saw or approved it. It cannot be presumed that the court saw it, because in the orderly course of business the clerk takes the undertaking; it is not necessary that the court should do so. It must sufficiently appear affirmatively that the court received and approved the undertaking, in which case the presumption arises that the appellee was present and assented to the entry of approval—he being in court is presumed to see and assent to such entry, nothing appearing to the contrary. *McMillan* v. *Nye*, 90 N. C., 11.

In *Hancock* v. *Bramlett*, 85 N. C., 393, the entry on the record was—"bond fixed at $25; filed and *approved*," and this was held a sufficient waiver in writing. There, the Chief Justice said: "The acquiescence of the appellee in its sufficiency must therefore (because the undertaking was accepted in open court) be assumed, and consequently a

waiver of his right to make the objection in this court." And the court, in that case, went as far as we feel at liberty to go in upholding the waiver in writing recognized by the statute. "Filed and approved" imply that the court approved the undertaking in open court, and that is very much more than is implied by the words, "bond filed."

In *Bryson* v. *Lucas*, 85 N. C., 397, the court held, the undertaking not being justified, that an entry thereon of the words, "the within bond is good," was not a compliance with the statute prescribing how appeals shall be perfected. There, Mr. Justice ASHE, in distinguishing it from *Hancock* v. *Bramlett*, said in respect to the latter case: "In that case the presiding judge in the case on appeal states that the bond fixed at $25 is 'filed and approved,' and it was presumed that the bond was taken in open court under the supervision of the judge. But this bond is approved by the clerk, it may be privately, when the appellee had no notice of its being filed or any opportunity to object to its sufficiency."

The purpose of the statute is to protect the appellee in respect to costs. He has a substantial interest in the undertaking, upon appeal, and it cannot be dispensed with without his consent in writing, unless a sum of money be deposited with the clerk by order of the court in lieu of the undertaking. The statute is careful to provide, in strong, peremptory and exacting terms, that the appeal shall be *ineffectual for any purpose* unless perfected in the way prescribed in it. The language is plain and mandatory, and very little is left to construction. The appellee has the substantial right under the statute to insist upon a substantial compliance with it in all respects. And it is our duty to uphold his right when he demands that we do so in a proper case.

The motion to dismiss the appeal must be allowed. It is so ordered.

Appeal dismissed.