J. H. GREENLEE, Trustee, v. WILLIAM McCELVEY.

*Undertaking on Appeal—Justification—Waiver.*

Where the surety to an undertaking on appeal does not justify, but it appears that the surety was tendered and accepted, and the instrument duly executed in open court without objection; *Held*, to be a waiver of the statutory requirement.

(*Hancock* v. *Bramlett*, 85 N. C., 393; *Jones* v. *Potter*, 89 N. C., 220, cited and approved).

MOTION by plaintiff to dismiss an appeal from McDowell Superior Court, heard at February Term, 1885, of the SUPREME COURT.

*Messrs. Walter Clark* and *J. W. Hinsdale*, for the plaintiff.
No counsel for the defendant.

SMITH, C. J.   The plaintiff's counsel moved to dismiss the appeal upon the ground that the undertaking to perfect the same has not been justified as required by law.

The undertaking bears date on October 2, 1883, which, if the term continued for the full period allowed by law, was on Tuesday of the second week of the session, and it bears the name of the clerk as an attesting witness.   A form of justification follows, dated on October 20th, 1884, with the signature of the surety, but without the clerk's name to the certificate that it was sworn.

The preparation of the case, from indulgence of counsel and the delay of the Judge, seems to have been deferred for a year or more, and the record was not docketed in this court until November 14th, 1884, as appears from the clerk's endorsement, of the time of filing the transcript.   As no exception is taken to the hearing of the case on account of the delay, we assume it to have been acquiesced in by the counsel for the appellee, whose motion rests solely on the want of verification of the sufficiency of the surety to the undertaking.   In examining the record, we find an entry immediately following the final judgment, in reference to the appeal, in these words : "It is allowed to him upon his giving an appeal bond according to law with G. W. Crawford as his surety.   Said bond is duly executed and is herewith sent."

In the statement of the case over the signature of the counsel for both parties who tried the cause, is contained this paragraph : "The defendant filed the appeal bond in apt time."

As the surety who signed the undertaking was tendered and accepted and the instrument "duly executed," and this during the sitting of the court without a verification, it must be understood as a waiver in writing, and a dispensing with the oath, and an admission of the sufficiency of the surety without its support.   The present case then falls clearly within the ruling in *Hancock* v. *Bramlett*, 85 N. C., 393, and *Jones* v. *Potter*, 89 N. C., 220.

The motion is denied.