THE SINGER MANUFACTURING CO. v. G. C. BARRETT.

*Appeal Bond.*

1. Where the record stated "plaintiff appealed. Notice waived. Bond filed," which was signed by the Judge, it is a sufficient waiver in writing of a formal justification of the bond, and the appeal will not be dismissed because the sureties do not justify in double the amount.

2. Where it appears in the record that the judgment appealed from was not entered until after the expiration of the term, and it also appears under the signature of the Judge, that the undertaking on appeal was filed, it will be presumed that the Court, by consent, allowed the bond to be filed without regard to time.

3. This rule only applies when the entries are made by the Judge. No such presumption arises when they are made by the Clerk.

(*Gruber* v. *The R. R. Co.*, 92 N. C., 1, cited and approved. *State* v. *Wagner*, 91 N. C., 521, cited and distinguished).

MOTION by the defendant to dismiss an appeal, heard at the February term, 1886, of the Supreme Court.

The facts appear in the opinion.

No counsel for the plaintiff.
*Mr. C. M. Busbee*, for the defendant.

MERRIMON, J. The appellee moved to dismiss this appeal, upon the grounds, first, that the undertaking upon appeal was not justified in double the sum of money specified therein, and, secondly, that the undertaking was not given within ten days next after the term of the court at which the judgment was granted.

The first ground cannot be sustained, because in the case settled upon appeal, it is stated, that "from the judgment, plaintiff appealed,—notice waived. *Bond filed*," and this is signed by the Judge. The implication from the statement is, nothing appearing to the contrary, that the court accepted the undertaking without objection from the appellee, who, it is presumed, was pre-

sent in person or by counsel. Such an entry is treated as a sufficient waiver in writing of a strict and formal justification. *Gruber* v. *Rail Road Co.*, 92 N. C., 1.

And for the like reason, the second ground is without force. It seems that the judgment appealed from, was not entered until after the term, and about the 4th of December, 1885. It must be taken that this was by consent, and the Court by the like consent, allowed the undertaking, without regard to its date or time of filing it, to be filed.

This case is different from that of *State* v. *Wagner*, 91 N. C., 521. In that case, the entry held to be insufficient, was made by the Clerk of the Court. Here the Judge states that the bond was filed, and hence the presumption of waiver as to the time.

The motion to dismiss the appeal cannot be allowed. The case must stand for argument upon the merits in its order, at the next term.

*Motion denied.*