[No. 1630. Decided September 13, 1895.]

THE NORTHERN COUNTIES INVESTMENT TRUST, LIM-ITED, *Appellant,* v. HENRY HENDER *et ux., Respondents.*

APPEAL — NOTICE IN OPEN COURT — BOND — AFFIDAVITS OF SURETIES — AMENDMENT IN SUPREME COURT.

Notice of appeal given in open court, as provided for in Laws 1893, p. 120, § 4, is not confined to judgments or orders rendered at chambers, but applies equally to all judgments, whether rendered in court or at chambers.

Notice of appeal in open court, given at the time the court ordered judgment to be entered, is sufficient under Laws 1893, p. 120, § 4, in a case tried by the court without a jury, although the findings and conclusions of the court, with the judgment based thereon, are in fact dated as of a prior day, since, under Code Proc., § 379, judgment in such cases is not rendered until the findings and conclusions are filed with the clerk and judgment entered in accordance therewith.

· Under Laws 1893, p. 124, § 10, when an appeal bond is unaccompanied by the affidavit of the surety or sureties therein covering matters of residence and justification, the appeal is ineffectual. (DUNBAR, J., dissents.)

The absence of such affidavit being a matter affecting the substance and not the form of the appeal bond, is not a mere technicality but a substantial defect, and the appellate court cannot allow an amendment thereof in the absence of statutory authority.

*Appeal from Superior Court, Garfield County.*

*S. G. Cosgrove,* and *M. M. Godman,* for appellant.

*M. F. Gose,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—The respondents move to dismiss the appeal for the alleged reason that the court has no jurisdiction to hear and determine the matters in controversy. The specific grounds for dismissal set forth in the motion are that no notice of appeal has been given, served or filed herein as by law required; that the appeal bond is not in form or substance such as to render the appeal effectual; that the pretended bond filed herein is void because none of the makers of said bond have justified as by law required, or at all; and that the guardian *ad litem* of defendant Henry Hender has not been made a party to the appeal and no notice of the appeal has been served upon him.

It is provided in § 4 of the act of March 8, 1893, relating to appeals to the supreme court (Laws 1893, p. 120), that:

" A party desiring to appeal to the supreme court under the provisions of this act may, by himself or his attorney, give notice in open court or before the judge, if the judgment or order appealed from is rendered or made at chambers, at the time when such judgment or order is rendered or made, that he appeals from such judgment or order to the supreme

court, and thereupon the court or judge shall direct
the clerk to make an entry of such notice in the jour-
nal of the court. If the appeal be not taken at the
time when the judgment or order appealed from is
rendered or made, then the party desiring to appeal
may, by himself or his attorney, within the time pre-
scribed in § 3 of this act, serve written notice on the
prevailing party or his attorney that he appeals from
such judgment or order to the supreme court, and
within five days after the service of such notice shall
file with the clerk of the superior court the original or
a copy of such notice, with proof or the written ad-
mission of the service thereof, and thereupon the
clerk shall enter such notice, with the proof or admis-
sion of service thereof, in the journal of the court."

It is conceded that the notice of appeal was given
in open court, and the record shows that the notice was
entered in the journal of the court by order of the
judge. It was given in strict conformity to the statute
and there is no objection to it on the ground of in-
formality. But the respondents insist that the notice
was ineffectual because it was not given at the time
the judgment appealed from was rendered or made,
and because said judgment was not rendered at cham-
bers, the latter ground being based on the untenable
proposition that the notice in open court or before the
judge is limited to judgments or orders rendered or
made at chambers.

The action was brought to foreclose a mortgage, and
was tried by the court without a jury. The record
discloses the fact that the appeal bond and the motion
for a new trial were filed on September 12, 1894. It
further appears that the notice of appeal was given at
the time when the motion for a new trial was over-
ruled, and when the court ordered judgment to be
entered in favor of the defendants in accordance with
the findings of fact and conclusions of law theretofore

made. The statute, it will be observed, requires the
notice of appeal, if given in open court, to be given at
the time when the judgment or order appealed from is
rendered or made, and the question is, when was the
judgment and decree rendered in this case.

The court made findings of fact and conclusions of
law in accordance with § 379 of the Code of Procedure,
which is as follows:

" Upon the trial of an issue of fact by the court, its
decisions shall be given in writing and filed with the
clerk. In giving the decision, the facts found and the
conclusions of law shall be separately stated. Judg-
ment upon the decisions shall be entered accordingly."

The findings and the conclusions of the court, as
well as the judgment based thereon, were dated Sep-
tember 11, 1894, and it is urged on behalf of the re-
spondents that the judgment was rendered on that
date, and that therefore the notice which was not
given at that time was too late to effect an appeal. The
record, however, discloses that neither the findings of
fact, conclusions of law nor judgment were filed until
the 12th of September, and, inasmuch as the statute
requires the decisions of the court in cases tried with-
out a jury to be given in writing and *filed with the
clerk*, it follows that the judgment was not rendered
until it was filed in accordance with the order of the
court. It is not the mere signing of the findings, but
the filing, that is essential to the decision contem-
plated by the statute. The action was not determined
until the findings and judgment, or at least an order
for a judgment, were filed with the clerk. This is
evident from the fact that at any time before filing the
findings might have been changed by the court, or
new findings substituted. See *Comstock Q. M. Co. v.*

*Superior Court,* 57 Cal. 625, and *Adams v. Nellis,* 59 . How. Pr. 385.

As the notice of appeal was given at the time when the court ordered judgment to be entered, it follows, from what we have said, that it was given within the time contemplated by law, that is, when the judgment was actually rendered.

But we are forced to the conclusion that the objection to the appeal bond is well taken, and that the appeal was not perfected in the manner prescribed by law.     The bond filed by appellant in the court below was properly conditioned to effect the appeal, but as it was not accompanied by the affidavit of the sureties required by § 10 of the act of March 8, 1893, or by any affidavit whatever, it was absolutely without force and was therefore, in effect no bond at all.     Section 6 of the act above mentioned provides that —

" An appeal in a civil action or proceeding shall become ineffectual for any purpose unless at or before the time when the notice of appeal is given or served, or within five days thereafter, an appeal bond to the adverse party conditioned for the payment of costs and damages, as prescribed in § 7 of this act, be filed with the clerk of the superior court, or money in the sum of $200 be deposited with the clerk in lieu thereof."

And in § 10 it is declared that —

" An appeal bond, whether conditioned so as to effect a stay of proceedings or not, shall be of no force unless accompanied by the affidavit of the surety or sureties therein attached thereto, in which each surety shall state that he is a resident of this state and is worth a certain sum mentioned in such affidavit, over and above all debts and liabilities, in property within this state, exclusive of property exempt from execution, and which sums so sworn to by the surety or sureties shall be at least equal to the

penalty named in the bond if there be but one surety, or shall amount in all to at least twice such penalty if there be more than one surety."

In *Harshaw v. McDowell*, 89 N. C. 181, the court held that language similar in substance to that used in these sections was not directory merely but mandatory, and that an appeal must be perfected in accordance with the requirements of the statutes or it will be dismissed. That the affidavits of sureties required by statute must accompany the bond to give it validity seems to be the settled doctrine of the courts. See *Bryson v. Lucas*, 85 N. C. 397; *Bailey v. Rutjes*, 91 N. C. 420; *State v. Wagner*, 91 N. C. 521; *Turner v. Quinn*, 91 N. C. 92; *Anthony v. Carter*, 91 N. C. 229; *Holcomb v. Teal*, 4 Or. 352; *Albertson v. Mahaffey*, 6 Or. 412; *State v. McKinmore*, 8 Or. 207; *Pencinse v. Burton*, 9 Or. 178.

It is true that this court, actuated then, as now, by the desire to hear every case upon its merits, declined to dismiss the appeals in *McEachern v. Brackett*, 8 Wash. 652 (40 Am. St. Rep. 922, 36 Pac. 690), and in *Warburton v. Ralph*, 9 Wash. 537 (38 Pac. 140), and perhaps some other cases, in which the affidavits were defective in not stating some one of the particular things mentioned in the statute. In so doing we were certainly more liberal than some other courts have been under similar provisions of law and, perhaps, went beyond the strict letter of the statute. But, be this as it may, we here have a bond unaccompanied by any affidavit whatever, not one with a defective or informal affidavit merely, and hence this case is distinguishable from those above mentioned, and must be determined on the facts presented and the law applicable thereto. The law says that the bond before us is of no force, and it is the plain duty of

the court to so declare it. To remedy the difficulty
confronting them, the learned counsel for the ap-
pellant have tendered, and asked to · have filed,
in this court, a new bond accompanied by a proper
affidavit of the sureties. Whether such a bond as
the law requires to be filed in the trial court within
a limited time, can, after the expiration of that time,
properly be filed in this court, is a question, the solu-
tion of which depends upon the authority conferred
upon the court to correct, or supplement, the record of
the court below. This is an appellate tribunal, so far
as this and kindred cases are concerned, and it can
amend the records sent up to it for review only in so
far as it is thereunto authorized by statute. Accord-
ingly, it is stated in Vol. 1, Enc. Pl. & Prac. p. 993,
that " appellate courts cannot allow a substantially de-
fective appeal bond to be amended without statutory
authority," and the cases cited seem ample to sustain
the proposition. What then is the statutory authority
of this court in respect to the matter before us? It
has authority to allow all amendments in matters of
form curative of defects in appellate proceedings
(Laws 1893, p. 129, and § 19), but the defect under
consideration is not merely one of form but one of
substance and therefore that provision does not meet
the present emergency. Again, we are directed to
disregard all technicalities and hear, upon their merits,
all cases brought before the court in the manner pro-
vided by law. But that cannot be said to be a techni-
cality which goes to the substance of the appeal. In
fact, by the express terms of our statute this court
only acquires jurisdiction of an appeal upon the tak-
ing of an appeal by notice as therein prescribed, and
the filing of a bond to render the appeal effectual.
Laws 1893, p. 128, § 16. As we have seen, the bond

filed to render the appeal effectual in this instance was without force, and it may well be said that this court has not acquired jurisdiction to hear this appeal. The filing of the bond to perfect the appeal was just as necessary as the giving of notice of the appeal within the time limited, and the one can no more be dispensed with than the other. Works, Courts and Their Jurisdiction, p. 734.

In many of the states provision is made by law for the amendment of a defective appeal bond or the giving of a new one, but we find no such provision in our statute, nor any provision or provisions which can be construed as giving the court the power to allow the filing of a new bond under such circumstances as appear in this case.

The appeal must be dismissed and it is accordingly so ordered.

GORDON and SCOTT, JJ., concur.

HOYT, C. J. (*concurring*).—In my opinion the conclusion of the majority of the court is inconsistent with the holding in *McEachern v. Brackett* and *Warburton v. Ralph*, referred to therein, and I think the better practice would have been to retain this case for hearing upon the merits, upon the authority of those. A construction of a statute relating to practice announced by this court should control decisions made thereafter as certainty is the important thing.

However, as the conclusion of the majority in this case is, in my opinion the correct one, as shown by my dissent from the opinions in the case above referred to, I am content to concur in the result.

DUNBAR, J. (*dissenting*).—I fully endorse what Chief Justice HOYT has said in the first paragraph of

his concurring opinion concerning the importance of uniform holdings on questions of practice, and as I am satisfied with the rule laid down in the former decisions of this court above referred to, I am compelled to dissent from the conclusion reached by the majority in this case.