HENRY O. CLARK, IRA JUSTIN, JUN., AND A. HYATT SMITH, PLAINTIFFS IN ERROR, *v.* HENRY C. BOWEN, THEODORE MCNAMEE, SAMUEL P. HOLMES, AND HENRY L. STONE, DEFENDANTS.

An arrangement was made between creditor and debtor houses, that the latter should execute an assignment, and confess judgment, and that the former should give a receipt in full, and agree that the notes of the debtor house should be cancelled.

The assignment was made, the judgment confessed, and the receipt given.

A solvent partner of the debtor house was absent, and neither consented to the assignment nor to the confession of judgment, and upon his motion the judgment was vacated as to him, as being confessed without authority.

The judgment was then vacated as to all the partners, and the assigned property taken out of the hands of the trustee by a prior claim. Whereupon the creditor house brought suit upon the notes which had not been destroyed.

The whole arrangement to secure the debt being in effect annulled, the original indebtedness stood revived, and judgment was properly rendered upon the notes.

THIS case was brought up by writ of error from the District Court of the United States for the district of Wisconsin.

The facts were these:

In 1854, the defendants in error were merchants in New York, trading under the name of Bowen & McNamee, and the plaintiffs in error, merchants in Wisconsin, trading under the name of H. O. Clark & Co.

In July, 1854, H. O. Clark & Co. had notes outstanding, due to the firm of Bowen & McNamee, to the amount of $7,950.75. Being embarrassed, an arrangement was made between them and the agent of Bowen & McNamee, to the following effect, viz:

1. That they would make an assignment for the benefit of their creditors.

2. That they would confess a judgment in favor of Bowen & McNamee in the Circuit Court for Rock county, (State court.)

3. That the agent should give them a receipt in full, and agree that the notes should be cancelled.

*Clark et al. v. Bowen et al.*

All these things were done. The assignment was made, the judgment entered, and the receipt given.

Whilst these transactions were going on, Smith was absent.

On the 17th of August, 1854, the assigned property was taken out of the hands of the trustee, in virtue of a mortgage prior in date to the assignment just mentioned. Smith, finding that the weight of the judgment would fall upon his private property, applied to the court of Rock county to have the judgment vacated as to him, upon the ground that it had been entered without sufficient authority. This application was successful, and the court vacated the judgment as to him.

A bill was filed in the District Court of the United States by Bowen & McNamee, in conjunction with some other creditors, to enforce the assignment made for their benefit. No further notice need here be taken of this bill than to say, that it was dismissed without prejudice.

After the judgment was vacated as to Smith, Bowen & McNamee applied to the court to vacate the judgment as to Clark and Justin also. This was granted, and the judgment vacated entirely.

The assignment for the benefit of Bowen & McNamee being thus ineffectual, and the judgment vacated, they considered that the entire arrangement with H. O. Clark & Co. had become null and void; and in 1856 they commenced a suit in the District Court of the United States, upon the promissory notes of H. O. Clark & Co., the possession of which they had retained. Several questions were raised upon the trial, which it is not material to notice; the principal one being an exception to the charge of the court, which was in substance as follows, viz:

1. That the notes were merged in the judgment as long as the judgment stood.

2. That the court of Rock county had power to vacate all the judgments.

3. That when they were thus vacated, the original debt was revived, and the receipt by the agent was not a bar to the suit.

Under this instruction, the jury found a verdict for the plaintiffs.

The case was submitted on printed arguments by *Mr. Doolittle* for the plaintiffs in error, and *Mr. Lynde* for the defendants.

The counsel for the plaintiffs in error directed his attention chiefly to the point that the notes were cancelled by the arrangement which had been made between the parties, and consequently could not be afterwards sued on. This position was illustrated in various ways, the principal one of which was the following:

Taking the note of one partner for a liability of the firm is a valid discharge of the firm, when the creditor agrees that the original liability shall be considered paid, and cancels or delivers up, or agrees to deliver up or cancel, the evidences of the firm liability.

This is the ordinary rule upon these facts, other than the particular agreement. The intention of parties to this end is presumed.

> 1 Smith's Leading Cases, Note to Cumber *v.* Wane, 391 to 398.

If this is the law on the giving the note of one partner, *a fortiori* must the giving a sealed warrant of attorney to confess, and the actual confession of judgment, binding upon two of three members of a firm, and taking also an assignment of property to a trustee for the benefit of the condition, be a discharge. Such is the case at bar.

*Mr. Lynde's* fourth point was as follows:

The exception to the judge's charge may be embraced in a single point. That the court entering the judgment had vacated it, and therefore the promissory notes still in possession of the plaintiffs uncancelled were still valid, and plaintiffs were entitled to recover upon them.

Is it not a common occurrence in all courts to vacate judg-

*Clark et al.* v. *Bowen et al.*

ments for cause, upon application from either party, and proceed to trial *de novo* upon the original cause of action?

Does not this court reverse judgments entered in the courts below, and send cases back for new trial upon the original cause of action?

Whether the State court erred in vacating the judgment, this court will not inquire; it is enough that the judgment was vacated by the court in which it was entered.

A receipt may be contradicted or explained.

Graves *v.* Key, 3 Barn. and Adol., 318.
Harden *v.* Gordon, 2 Mason, 561.
Chunn *v.* McCarson, 2 Dw. Eq. R., 73.
Fuller *v.* Crittenden, 9 Conn. R., 401.
1 Greenleaf's Evidence, sec. 305.
1 Cowen and Hill's Notes to Phil. Ev., 381.
2 Cowen and Hill's Notes to Phil. Ev., 581.

Mr. Justice CATRON delivered the opinion of the court.

We deem it to be a matter not open to controversy in this suit, that the State court of Rock county properly vacated its own judgment, as respected Clark and Justin, after Smith, the solvent partner, had been released from it—because Clark had no power to bind Smith by the confession; and secondly, because the goods that were assigned to a trustee to secure the judgment had been taken from the assignee, by a previous mortgage of them.

The following admission is found in the bill of exceptions, and is conclusive of the merits of this controversy:

"It is conceded by defendants, that the judgment in the Circuit Court was confessed at the time of the execution of the assignment, and that the assignment was to secure the judgment, and the judgment and assignment were the mode adopted to secure the plaintiffs' debt; and that Clark executed the assignment and judgment for Smith."

The whole arrangement to secure the debt being in effect annulled, the orignal indebtedness stood revived, and was properly enforced by the judgment of the Circuit Court—which we order shall be affirmed.