[No. 982.   Decided December 30, 1893.]

BANK OF SHELTON, *Respondent*, v. B. WILLEY AND ALFRED
METZGER, *Appellants*.

APPEAL — TIME OF FILING STATEMENT — NOTICE — CO-PARTNERSHIP
— EFFECT OF CONFESSION OF JUDGMENT BY ONE PARTNER.

A statement of facts, which was received by the clerk on the thir-
tieth day after the rendition of the judgment, will not be stricken
from the record when filed by the clerk as received on the day fol-
lowing its actual receipt.   (HOYT, J., dissents.)

Notice of settlement received by respondent's counsel upon the
thirty-first day after judgment is sufficient, where they reside in an-
other city and the notice was deposited in the mail in sufficient
time to have reached them within the time prescribed by statute.
(HOYT, J., dissents.)

Under § 416, Code Proc., in an action upon a contract against co-
partners, when one of the partners confesses judgment without the
consent of the others, judgment is authorized against all the part-
ners, to be enforced against the partnership property, and against
the separate property of the partner making confession.

*Appeal from Superior Court, Mason County.*

*W. I. Agnew*, and *Phil. Skillman*, for appellant Willey.

*J. E. Sligh*, and *White & Munday*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—This is an appeal from a decision of the
superior court denying the petition of appellant B. Willey
to vacate and set aside a judgment theretofore rendered in
the above entitled cause.

It appears from the record that the order and judgment
appealed from was made and entered on November 18,
1892.   Appellants' proposed statement of facts was marked
filed by the clerk of said court on December 20, 1892, al-
though it is shown by the affidavit of the clerk and of the
appellant that the statement was in fact handed to the clerk
at about 8 o'clock of the evening of December 19, 1892.

Counsel for respondent reside at Seattle and appellants' counsel reside at Olympia. According to the affidavit of one of appellants' counsel, notice of filing the statement of facts was deposited in the postoffice at Olympia on December 17, 1892, addressed to counsel for respondent, and the postage thereon paid, but the notice was not received by counsel for the respondent until December 20, 1892.

Having previously filed their objections to the proposed statement of facts, counsel for the respondent appeared specially before the judge who tried the cause and rendered the decision appealed from, at the time fixed for the settlement of the statement, and objected to the proceeding on the ground that the court had no jurisdiction to settle and certify the statement of facts, because the proposed statement was not filed with the clerk of the superior court within thirty days after the order, decision and judgment appealed from was made and rendered, and because no notice that a statement of facts, designating the time and place of settlement thereof, had been made and filed with the said clerk, as required by law, within said period of time.

Upon the above stated grounds, and for the further alleged reason that the so-called statement of facts is not properly or legally certified, and is not properly or legally a part of the record herein, and does not contain all of the material facts nor all of the evidence upon which the cause was tried and determined, the respondent moves this court to strike the statement of facts herein from the record and also to dismiss the appeal.

This court has uniformly held that the provisions of § 1422 of the Code of Procedure are mandatory and must be substantially complied with, and that facts not already a part of the record can only be made so by filing a statement of facts and filing and serving the notice therein required within the time therein limited.

It is provided in §794, Code Proc., that the time within which an act is to be done shall be computed by excluding the first day and including the last, unless the last day is a holiday or Sunday, and then it is also excluded. In this instance, the thirty days within which the appellant was required to file his statement of facts and serve notice thereof upon the opposite party or its attorney, expired on December 18, 1892. But that day was Sunday and was, therefore, by statute excluded; and the filing of the statement of facts and service of notice was in time if made on the following day, the 19th of December.

As above indicated, the statement of facts was indorsed as filed by the clerk on December 20, but as it is shown by his own affidavit that he received it as such clerk on the 19th, we think, in justice to the appellant, it ought to be considered as filed upon the latter date. And as the notice was deposited in the postoffice, properly addressed, in time to have reached the counsel for respondent, in due course of mail, within the time limited by law, we are of the opinion that service thereof was timely made, although, as a matter of fact, the notice was not actually received until thirty-one days after the rendition of the judgment from which the appeal was taken.

It does not appear that the respondent was in any way injured by not receiving the notice one day earlier, and it ought not therefore to complain. The certificate of the trial judge to the statement of facts is in substantial compliance with the statute. He certifies that it contains all the material facts presented on the part of the plaintiff and defendant in the trial of the cause, and all of the testimony upon which the cause was tried below, together with any and all objections or exceptions taken to the reception or rejection of testimony.

The motion must, therefore, be denied.

On August 17, 1892, the respondent filed a complaint

in the superior court of Mason county, in which it was
alleged that B. Willey and Alfred Metzger were then, and
at all the times therein mentioned, co-partners, doing busi-
ness under the name of B. Willey & Company, and that be-
tween July 1, 1890, and July 23, 1892, the plaintiff loaned
and advanced to the defendants, at their request and for
their use and benefit, the sum of seven thousand five hun-
dred dollars, which sum the defendants promised and
agreed to pay, but that no part thereof has been paid.    On
the same day Alfred Metzger, one of the defendants, ex-
pressly appearing for himself and co-defendant, and waiving
service of process and assuming to submit both defendants
to the jurisdiction of the court, filed an answer to the com-
plaint, admitting each and every allegation therein, and
consenting that judgment might be entered against the de-
fendants as in the complaint demanded.    Upon the filing
of this answer, the plaintiff moved for judgment upon the
pleadings, which motion was granted, and thereupon judg-
ment was rendered against the defendants for the said sum
of $7,500, together with interest and costs, with leave to
issue execution against the partnership property of said
defendants, but not against the individual property of
either defendant.    To vacate and set aside this judgment
is the object and purpose of this proceeding.

It appears from the testimony produced at the trial that
the appellant neither consented to the entry of judgment
against him or the firm of which he was a member, nor
authorized his co-partner to consent thereto.    In fact, he
knew nothing of the pendency of any action against him
or against himself and co-partner until after the entry of
the judgment complained of.    And the question to be de-
termined is, whether or not his interest in the partnership
property is liable to execution in satisfaction of said judg-
ment.    It is claimed on behalf of appellant, that one
partner has not the right or power to confess judgment in

favor of even a partnership creditor without the consent of the other members of the partnership, and that the written waiver and consent of the one partner in this case amounted to nothing more than a simple confession of judgment, and must be so construed.

It is a general rule of law that no partner or joint obligor is bound by a judgment confessed by his co-partner or joint obligor without his express authorization. 2 Freeman on Judgments, § 545; 1 Bates on Partnership, § 377; 1 Black on Judgments, § 57; 1 Lindley on Partnership (2d Am. Ed. by Ewell), 272; *Clark v. Bowen*, 22 How. 270. This is the doctrine of the common law, and, unless modified by our statute, it must prevail in this case.    Each member of a partnership is deemed to be the agent of the firm, with full power to bind it as to all matters legitimately within the scope of its business; but no partner, by virtue of his partnership relations merely, has the power, when sued jointly with his co-partners, to consent to the entry of judgment against himself and co-partners, without the express authority or assent of the latter. *Binney v. Le Gal*, 19 Barb. 592.

Such a proceeding is beyond the scope of his agency, and, therefore, inefficacious as to his co-partners.    But laws have been enacted in several of the states purporting to authorize individual partners or joint obligors to confess judgments against all of the defendants jointly liable in an action, whether served or not, to be enforced only in a certain prescribed manner.    And our own statute provides (see Code Proc., § 416), that when the action is upon a contract, and against one or more defendants jointly liable, judgment may be given, on the confession of one or more defendants, against all the defendants thus jointly liable, whether such defendants have been served or not, to be enforced only against their joint property and against the

joint and separate property of the defendant making the confession.

Oregon has a similar statute, and the supreme court of that state, in construing it, held, in *Richardson v. Fuller*, 2 Or. 179, that a partner cannot under this provision confess judgment which shall be binding upon his co-partner or upon the partnership property unless made in an action pending. Is the doctrine announced in that case, and which seems to us to be a correct interpretation of the statute, applicable to the case at bar? We think it is. We also think that the original judgment in this case was, in effect, a judgment by confession, but as it was rendered upon a partnership indebtedness, and in an action pending, its efficacy must be determined by reference to the section of the code above mentioned. And under that section it was properly entered against the partnership, to be satisfied out of the partnership property.

As already stated, the action was originally to recover money loaned and advanced to the defendants. The proof shows, however, that a portion of the money claimed was loaned to the firm of Willey & Freeburger, and the payment thereof assumed by the defendants. But as it does not appear that appellant was surprised or injured thereby, and as the complaint might have been amended so as to conform to the testimony, we do not think there was any substantial error on the part of the court below in refusing to set aside the judgment on that ground.

Nor are we able to say that the evidence offered upon the trial of appellant's petition to vacate the judgment does not, in fact, sustain the judgment. The court below found that the testimony offered did not show that appellant had a valid defense to the action, and we are of the opinion that the evidence justified the finding. In fact, it appears from appellant's own testimony that he knew little

or nothing as to the indebtedness of the firm of B. Willey & Company to the respondent. His co-partner kept the firm books, and was also cashier of the respondent bank, and it may be that the books were not properly kept, but we are not now called upon to determine that question.

But while we do not find sufficient grounds for entirely reversing the judgment appealed from, we nevertheless think it ought to be modified in one particular. We are unwilling to concede that one who confesses a judgment which affects the property of another shall himself be entitled to any advantage or profit not conferred by law. In such cases the statute must be substantially complied with in every respect. 2 Freeman on Judgments, § 543.

In this case the judgment authorizes execution to issue against the joint property of the defendants, but not against the separate property of either defendant. But the law says that such judgments are to be enforced against the joint property of the defendants and against the joint and separate property of the defendant making the confession. For aught we know the very moving force that caused the confession may have been the immunity from execution against the separate property of him who made it, set forth in the judgment as entered. But however this may be, the judgment in this respect is somewhat suggestive of unfairness, as claimed by appellant.

The cause is remanded to the lower court with directions to modify the judgment so as to make it enforcible against the joint and separate property of Alfred Metzger, as well as against the joint property of both the defendants.

DUNBAR, C. J., and SCOTT and STILES, JJ., concur.

HOYT, J.—I concur in the majority opinion on the merits, but dissent from their conclusion as to the motion.