[No. 1962. Decided March 25, 1896.]

BESSIE J. I. SAVAGE, *Appellant*, v. ROBERT A. GRAHAM,
*Respondent*.

APPEAL—FAILURE TO FILE BOND.

Failure to file an appeal bond within five days after notice of appeal, as required by laws 1893, p. 122, § 6, renders the appeal ineffectual for any purpose.  (HOYT, C. J., and DUNBAR, J., dissent.

Appeal from Superior Court, Thurston County—
Hon. T. M. REED, JR., Judge.  Appeal dismissed.

*George M. Savage*, for appellant.

*A. J. Falknor*, and *Preston M. Troy*, for respondent.

*Per Curiam*.—Respondent has moved the court to dismiss this appeal for the reason that no appeal bond was given or filed within the time provided by law.

The record shows that a notice of appeal was given in open court on the 26th day of June, 1895, and that the bond was not filed until the 25th day of July, 1895. Section 6 of the act of March 8, 1893, (Laws 1893, p. 122,) requires that a bond on appeal shall be given within five days after the notice of appeal is given or served.   Otherwise the appeal "becomes ineffectual for any purpose."

We think we are without jurisdiction to entertain the case upon the merits, and the motion to dismiss must be granted.

DUNBAR, J. (*dissenting*).—I dissent.   While the filing of the bond is unquestionably jurisdictional, yet, in this case, the jurisdictional question was waived by the respondent, and it was agreed that the case might be heard upon the merits.   Had not the appellant relied upon this agreement she could have corrected the

omission by filing a new notice, and I think the case ought to be treated as though this had been done.    The result is that by an agreement which appellant relied upon, and which the respondent is willing to abide by, the court on its own motion deprives the appellant of her right of appeal.    The case should be decided on its merits.

HOYT, C. J.    I concur in what is above said by Judge DUNBAR.