[No. 2916. Decided May 20, 1898.]

JOHN WINTERS et al., *Respondents*, v. GRAY'S HARBOR BOOM COMPANY et al., *Appellants*.

APPEAL — JOINDER IN NOTICE — JURISDICTION OF APPEAL.

Where a party to an action appeals without serving notice upon his co-defendants, the action of the parties not served in later joining in the appeal bond, but neglecting to join in the appeal by statement filed with the clerk or to serve an independent notice of appeal, will not confer jurisdiction upon the supreme court, under Laws 1893, p. 121, § 5 (Bal. Code, § 6504) governing notice in cases where parties similarly affected desire to appeal.

Appeal from Superior Court, Chehalis County.—Hon. CHARLES W. HODGDON, Judge. Appeal dismissed.

*N. W. Bush*, for appellants.

*George D. Schofield*, for respondents.

PER CURIAM.—From a judgment in plaintiff's favor the Gray's Harbor Boom Company, one of the defendants, gave notice of appeal. The notice was not served upon its co-defendants, Burrows and Stockwell, who had appeared in the action. Thereafter the last named defendants joined in the appeal bond but did not serve an independent notice of appeal or join in the appeal by filing with the clerk of the superior court a statement to that effect.

Laws 1893, p. 121, ch. 61 § 5 (Bal. Code, § 6504). Respondents have moved to dismiss, basing their motion upon the facts already stated. We have repeatedly held that the notice of appeal is jurisdictional and cannot be dispensed with, and the court can only obtain jurisdiction when the statute on the subject of appeals is complied with. The motion to dismiss must be granted.