[No. 3283.  Decided May 31, 1899.]

R. H. SMITH, *Respondent,* v. ISAAC F. BEARD *et al., Appellants.*

APPEAL—JOINDER OF PARTIES—DISMISSAL.

An appeal will be dismissed where all the parties who appeared in the case below and against whom judgment was taken did not join in the appeal, or were not served with notice of appeal.

SAME—SUFFICIENCY OF BOND—SURETIES.

An appeal will be dismissed where the sureties upon the bond, which purports to be both a stay bond and and appeal bond, are the parties against whom the judgment was entered; and the fact

that they constitute a surety company does not distinguish them from any of the other judgment debtors.

Appeal from Superior Court, King County.—Hon. E. D. Benson, Judge. Appeal dismissed.

*Fairchild & Bruce,* and *Burke, Shepard & McGilvra,* for appellants.

*Stratton & Powell,* for respondent.

Per Curiam.—Motion is made to strike the statement of facts and dismiss this appeal for the reason that all the parties who appeared in the case below and against whom the judgment was taken did not join in the appeal of appellants, or were not served with notice of appeal by the appellants. The appeal, therefore, must be dismissed under the rule announced by this court in *Winters v. Gray's Harbor Boom Co.,* 19 Wash. 346 (53 Pac. 368), and many other decisions of this court.

A supplemental record has been filed by the appellants, but we think the showing therein made as to the service of parties upon whom service should be made is not sufficient. *Fairfield v. Binnian,* 13 Wash. 1 (42 Pac. 632); *Puckett v. Moody,* 17 Wash. 609 (50 Pac. 494).

In any event, this case will have to be dismissed, for the reason that no appeal bond was given as required by statute. The sureties on this bond are the parties against whom the judgment appealed from was entered, and the fact that they are a surety company does not distinguish them from any of the rest of the judgment debtors. So that, in effect, this is a bond without any surety, and, inasmuch as it purports to be a stay bond and appeal bond both, it is not the bond provided by the statute. This being a matter affecting the substance, and not the form, of the appeal bond, it is a substantial defect, and is not such a defect as must be moved against in the superior

court. *Northern Counties Inv. Trust v. Hender,* 12 Wash. 559 (41 Pac. 913).

The appeal will be dismissed.