[No. 4347.   Decided October 24, 1902.]

Peter David *et al., Appellants,* v. Andrew Guich *et al.,*
*Respondents.*

APPEAL — BOND — JUDGMENT DEBTOR AS SURETY.

Under Laws 1893, p. 122, § 7, which provides that "the appeal
bond must be executed in behalf of the appellant by one or more
sureties," an appeal bond is insufficient when it has no other
sureties thereon than parties against whom the judgment ap-
pealed from was entered.

SAME — FILING NEW BOND — DISMISSAL OF APPEAL.

Where the appeal bond executed by appellant was ineffective
and the time for filing a bond had expired, his appeal will be dis-
missed without his being permitted to file a new and sufficient
bond.

Appeal from Superior Court, Pierce County.—Hon.
William O. Chapman, Judge.   Appeal dismissed.

*Fremont Campbell,* for appellants.

*Arthur Remington* and *William P. Reynolds,* for re-
spondents.

The opinion of the court was delivered by

Dunbar, J.—Respondents move to strike out appellants'
brief, dismiss the appeal, and affirm the judgment herein,
for the following reasons:   (1) That the brief does not
contain references to the pages of the transcript for verifi-
cation, or contain a clear statement of the case; and that,
this being an equity case, tried by the court without a jury,
the appellants have failed to print the findings of fact or
exceptions thereto, or the findings requested by appellants,
which were refused, or any part thereof, upon any of the
questions sought to be raised by the appeal.   (2) Because
no appeal bond has been given or filed, with sureties, as re-

quired by law. (3) Because no transcript on appeal was filed with the clerk of the superior court within the time limited by law or prior to making this motion. (4) Because no briefs were served or filed within the time limited by law or prior to making this motion. (5) That the statement of facts is not certified upon the notice, or in the manner required by law.

There is something to be said in favor of this motion on most of the reasons alleged, but, in any event, this appeal will have to be dismissed for the second reason stated, viz., that no appeal bond has been given or filed, with sureties, as required by law. There are numerous appellants, and the bond is given with D. Constanti and S. David, both of whom are judgment debtors and appellants in this case, as sureties; no other surety being given on the bond. We held in *Smith v. Beard,* 21 Wash. 204 (57 Pac. 796), that, where the sureties on the bond were parties against whom the judgment appealed from was entered, the bond was not sufficient to bring the case here on appeal; that that was a matter which affected the substance, and not the form, of the appeal bond, and the appeal for that reason was dismissed,—citing *Northern Counties Investment Trust v. Hender,* 12 Wash. 559 (41 Pac. 913). The object of an appeal bond is to furnish the respondent with additional security during the pendency of the appeal. The judgment debtors are already bound by the judgment. Their obligation is not increased in any way by the mere formal furnishing of a bond signed by them. Such a bond would be valueless to the respondents, for, after a successful suit upon such bond, they would have nothing but a judgment, which they already have. Hence the bond is utterly worthless, and not in any sense the bond contemplated by the statute. The law prescribes, and we have uniformly

held, that "an appeal in a civil action or proceeding shall become ineffectual for any purpose unless at or before the time when the notice of appeal is given or served, or within five days thereafter, an appeal bond to the adverse party conditioned   .   .   .   be filed with the clerk of the superior court   .   .   ." Laws 1893, p. 122, ch. 61, § 6; *Smithson v. Woodin,* 13 Wash. 709 (43 Pac. 638) ; *Savage v. Graham,* 14 Wash. 323 (44 Pac. 540) ; *Ramage v. Littlejohn,* 16 Wash. 702 (47 Pac. 888).

. The appellant upon the argument of the cause offers to file a new and sufficient bond, but the time for filing a bond having expired, and the bond under consideration being ineffectual for any purpose, the appeal will be dismissed, and the judgment affirmed.

REAVIS, C. J., and MOUNT, FULLERTON and ANDERS, JJ., concur.