[No. 4633.    Decided July 10, 1903.]

JERRY S. ROGERS, *Respondent, v.* JOHN TRUMBULL, *Appellant.*

32  211
e32  505
32  211
d36  104

APPEAL IN TAX CASES — TIME FOR TAKING — CHANGE IN PERIOD — RETROACTIVE EFFECT.

The passage of an amendatory act changing the limitation on the right of appeal in tax foreclosure cases from six months to thirty days would not, in the absence of express provisions to the contrary, apply to judgments rendered prior to the taking effect of the new act, further than to limit the right of appeal to not more than thirty days after the taking effect of the new act in such cases as still had a right of appeal under the old law.

SAME — SERVICE OF BOND WITH NOTICE OF APPEAL.

Failure to serve an appeal bond on respondent at the same time the notice of appeal is served is ground for the dismissal of the appeal, under Laws 1903, p. 74, § 4, regulating the procedure in tax foreclosure cases.

Appeal from Superior Court, Jefferson County.—Hon. GEORGE C. HATCH, Judge.    Appeal dismissed.

*Trumbull & Trumbull* and *A. H. Sawyer,* for appellant.

*A. W. Buddress,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—On September 8, 1902, the superior court for Jefferson county rendered a judgment against appellant and in favor of respondent foreclosing two certificates for delinquent taxes upon real estate.    On March 9, 1903, the appellant served upon respondent's attorney a notice of appeal, and on the same day filed an appeal bond, which had theretofore, on the 7th day of March, been approved by the trial court.    This bond was not served.    Respond-

ent moves to dismiss this appeal upon two grounds: (1) That the appeal was not taken within the time allowed by law; and (2) that the appeal bond was not served upon respondent as required by law.

1.    Under the statute in force at the time the judgment was rendered (Bal. Code, § 1757), the appellant had six months after the rendition of the judgment within which to take his appeal.    He had, therefore, all of the 8th day of March, 1903.    This day was Sunday, and therefore under the statute was excluded (Bal. Code, § 4896), and appellant therefore had all of the next day, March 9, in which to give his notice of appeal.    *Spokane Falls v. Brown,* 3 Wash. 84 (27 Pac. 1077); *Bank of Shelton v. Willey,* 7 Wash. 535 (35 Pac. 411).    On March 9, the act of 1903 took effect, amending the act under which this appeal is prosecuted.    The amended act limits the time within which an appeal may be taken to thirty days after the rendition of the judgment.    Laws 1903, p. 74.    This appeal was taken after the amendatory act took effect.    It is contended by counsel, on behalf of the motion, that the amendatory act is retrospective, and, since more than thirty days had elapsed after the judgment was rendered, appellant's notice of appeal was too late.    The amendatory act of 1903 does not purport to be retroactive in its terms.    It simply provides:

"Appeals from the judgment of the court may be taken to the supreme court at any time within thirty days after the rendition of said judgment."

Retroactive statutes are generally regarded with disfavor.    Those not remedial will not be construed to operate retrospectively unless the intent that they shall do so is plainly expressed.    Sutherland, Statutory Construction, § 463.    The same author, at § 482, says:

"Where statutory relief is prescribed for a cause which is continuous in its nature, . . . the future continuance of the cause may be supplemented by the time it was continuous immediately before the act was passed to constitute the statutory period. No person can claim a vested right in any particular mode of procedure for the enforcement or defense of his rights. Where a new statute deals with procedure only, *prima facie* it applies to all actions—those which have accrued or are pending, and future actions. If before final decision a new law as to procedure is enacted and goes into effect, it must from that time govern and regulate the proceedings. But the steps already taken, the status of the case as to the court in which it was commenced, the pleadings put in, and all things done under the late law, will stand, unless an intention to the contrary is plainly manifested; and pending cases are only affected by general words as to future proceedings from the point reached when the new law intervened. A remedy may be provided for existing rights, and new remedies added to or substituted for those which exist. Every case must to considerable extent depend on its own circumstances. General words in remedial statutes may be applied to past transactions and pending cases, according to all indications of legislative intent, and this may be greatly influenced by considerations of convenience, reasonableness and justice."

To the same effect is § 281 of Endlich on Interpretation of Statutes. There is no indication in the act of 1903 that it applied to judgments rendered prior to the time the act took effect, so that judgments rendered more than thirty days prior thereto were barred of the right of appeal. It, therefore, under the rule above announced, applied only to judgments rendered subsequently, or to those where the right of appeal under the old law extended more than thirty days from the time the act took effect. The judgment under consideration is not within either class mentioned, because the time for appeal ex-

pired under the old law, within thirty days after the new law took effect. The notice of appeal was therefore in time.

2. From the rule as stated above—that, where a new law as to procedure is enacted and goes into effect, it must from that time govern and regulate the proceedings—it follows that the second ground of the motion must be sustained, because the bond was not served at the time of the service of the notice of appeal, or at all. The statute provides that, when written notice of appeal is served and filed, the appellant shall serve and file an appeal bond, "which bond shall be so served and filed at the time of the service of the notice of appeal." This provision, in effect, makes the bond an essential part of the notice of appeal. In *Savage v. Graham,* 14 Wash. 323 (44 Pac. 540), we held that the filing of a bond was necessary to give this court jurisdiction, and that failure to file the bond within the time required by law was fatal to the appeal. See, also, *Kasch v. Nelson,* 20 Wash. 315 (55 Pac. 118). Counsel for appellant cite *DeRoberts v. Stiles,* 24 Wash. 611 (64 Pac. 795), to the effect that it was not necessary to serve the bond. That case was under a statute which did not require the service of the bond, while the statute under consideration in express terms requires the bond to be served at the time of the service of the notice of appeal, when the notice is in writing. This requirement is reasonable, and should be complied with.

For this reason, the motion is sustained and the cause dismissed.

FULLERTON, C. J., and HADLEY, ANDERS and DUNBAR, JJ., concur.