[No. 6044. Decided January 29, 1906.]

J. W. COUGHLIN, *Appellant,* v. ROBERT A. PINKERTON *et al.,* *Respondents.*[1]

PROCESS—SUMMONS—SERVICE UPON AGENT—ACTION AGAINST NONRESIDENT CO-PARTNERSHIP. Bal. Code, § 4875, subds. 8 and 9, providing for the method of service of a summons upon a company or association, has no application to a copartnership, and hence a service upon the resident agent of a nonresident copartnership is not authorized.

Appeal from an order of the superior court for Spokane county, Huneke, J., entered October 30, 1905, upon motion of the defendants, quashing the service of summons. Affirmed.

*W. T. Stoll,* for appellant.

*Sullivan, Nuzum & Nuzum,* for respondents.

1Reported in 84 Pac. 14.

CROW, J.—Appellant J. W. Coughlin instituted this action in the superior court of Spokane county, against respondents Robert A. Pinkerton and William A. Pinkerton, to recover damages claimed to have been sustained by defamation of character. The complaint alleges that respondents are partners, under the firm name of the Pinkerton National Detective Agency, engaged in the occupation of detecting criminals, ferreting out crimes, and doing other detective work, with offices and officers in most, if not all, the principal cities of the United States, and with an office in the city of Spokane in this state, which is managed and conducted by one E. K. Tabor, as superintendent, managing agent, and cashier.

Summons and complaint were personally served upon said E. K. Tabor, as respondents' resident agent. Thereupon respondents appeared specially, moved to quash said service, and in support of their motion, presented the affidavit of said Tabor, in which he alleges, that he is the superintendent and managing agent of respondents and of their principal office in Spokane; that said respondents are copartners, and were such at all times in said affidavit mentioned; that said Robert A. Pinkerton resides in the city of New York, in the state of New York; that said William A. Pinkerton resides in the city of Chicago, in the state of Illinois; that summons and complaint in this action were delivered to said Tabor at Spokane, Washington, on June 10, 1905; that at said time and for some time prior thereto, said respondents were not, nor was either of them, within the state of Washington, and that neither of them had been served with a copy of the summons or complaint in the action.

On the hearing of said motion, respondents contended (1) that a service of summons on a partnership firm, or on any member thereof, is not authorized by any statute of this state to be made by service upon any agent of said partnership, and that the words "company", and "association," which appear in subdivisions 8 and 9, of § 4875, Bal. Code, and are relied upon by appellant, cannot be held to include a partner-

ship; (2) that if said words be held to intend or include a partnership, then said section, when so construed, deprives respondents of property without due process of law, and is unconstitutional. The trial judge sustained these contentions, and quashed the service. From said order this appeal has been taken.

Appellant insists, (1) that the word "company," as used in subdivision 8, and the word "association," as used in subdivision 9, of said § 4875, Bal. Code, which is § 7 of our practice act of 1893, were intended to include a partnership, and that a nonresident partnership doing business in this state may be served by the delivery of summons and complaint to its secretary, cashier, or managing agent; (2) that a statute providing for such service upon a nonresident partnership doing business in this state is not unconstitutional or void, but confers jurisdiction upon the courts of this state to enter a personal judgment against such partnership, and all the individual members thereof.

Many of the courts, under certain circumstances, have held the words "company" and "association" to sometimes include or apply to partnerships; and again these terms have been frequently distinguished. They certainly are not synonymous, nor are they identical in their meaning, whether used in legal or ordinary phraseology. These variations in construction arise from the different circumstances or contexts in which these words appear or find use. Because the word "company" may frequently, and the word "association" may occasionally, be applied to or include a partnership, it does not necessarily follow that they must always be so understood or construed. Their use in subdivisions 8 and 9 of § 4875, *supra,* must be interpreted with a view to their contexts, and consistently with other provisions of our practice act, ch. 187, Laws 1893, p. 407 *et seq.* Section 13 of said act, being § 4881, Bal. Code, reads as follows:

"When the action is against two or more defendants and the summons is served on one or more but not on all of them,

the plaintiff may proceed as follows:   (1)  If the action is against the defendants jointly indebted upon a contract, he may proceed against the defendants served unless the court otherwise directs; and if he recovers judgment it may be entered against all the defendants thus jointly indebted so far only as it may be enforced against the joint property of all and the separate property of the defendants served;   .  ."

Construing subdivision 1 of said section, this court, in *Livingstone v. Lovgren,* 27 Wash. 102, 67 Pac. 599, held that, when service had been made upon one member of a partnership only, a judgment arising upon contract, which provided that the judgment creditor might recover from all of the defendants constituting said firm the sum adjudged to be due, and that said judgment might be satisfied out of the joint property of all of the defendants constituting said partnership firm, or out of the separate property of the one defendant served, was a proper judgment and could be enforced as such.   In writing the opinion, White, J., suggested that the question as to whether such a judgment was void in so far as it determined that the amount due the judgment creditor might be satisfied out of the joint property of the partnership, depended upon the further question whether said action was based on contract or was an action in tort.   Holding said action to have arisen on contract, he for that reason sustained said judgment.   His argument carried with it the clear implication that, had the action arisen in tort, the judgment would have been invalid for any purpose whatever, except as a personal judgment against the individual partner who had been personally served with process within this state.

This is an action in tort, and it would be inconsistent for us to hold, under § 4881, that a partner not served could not be held personally liable on a judgment against the partnership when another member of the firm had been served, and at the same time hold, under subdivisions 8 and 9, § 4875, that all members of such firm could be held to such a liability when their agents only, and not a partner, had been served.

In other words, this would in effect be a holding that service upon a mere agent would be better, more potential, and confer greater jurisdictional powers upon the court, than if made upon an individual member of the firm.   Sections 4875 and 4881 are both a part of the general practice act of 1893. The legislature certainly could not have intended by these two sections of one and the same act to provide in one instance that service on a mere agent should authorize the entry of a valid personal judgment against all the individuals who composed the partnership, while in the other instance service on an individual partner should authorize personal judgment against him only, and not against any of his copartners not personally served.

The pretended service shown by the record is not warranted by the provisions of said § 4875, *supra*.   In view of the above suggestions, it is not necessary for us to discuss the constitutional question raised in the briefs.   The judgment is affirmed.

MOUNT, C. J., ROOT, DUNBAR, FULLERTON, HADLEY, and RUDKIN, JJ., concur.