[No. 7687.· Decided July 15, 1909.]

CHARLES HOFFMAN et al., *Plaintiffs and Appellants*, v. . SPOKANE JOBBERS ASSOCIATION, *Defendant and Cross-Appellant*, J. B. CAMPBELL, *Trustee in Bankruptcy, Intervener and Cross-Appellant.*[1]

PROCESS—SERVICE—SUBSTITUTED SERVICE.   Under Bal. Code, § 4875, providing for a substituted service upon defendant "at the house of his usual abode," service upon a clerk at defendant's place of business is insufficient.

REPLEVIN—PROCESS—SERVICE OF AFFIDAVIT.   In replevin, service of the affidavit is not sufficient service of process in lieu of the summons and complaint.

PARTNERSHIP — POWERS OF PARTNERS — CONFESSING JUDGMENT IN TORT—PROCESS.   In the absence of statute, one partner cannot, in an action of replevin arising in tort, confess by stipulation a judgment enforceable against partnership property, without his copartner's consent; Bal. Code, § 5095, for the confession of judgments by a partner being confined to actions on contract.

APPEAL—PRESERVATION OF GROUNDS—OBJECTIONS IN LOWER COURT. After trial of an issue raised by an affirmative defense, to which no reply has been filed, the defendants cannot on appeal claim that they were entitled to a default and judgment, where the point was not pressed and no motion therefor made in the court below.

Appeal from a judgment of the superior court for Spokane county, J. D. Campbell, Esq., judge *pro tempore,* entered April 17, 1908, awarding property to plaintiffs and denying them damages, after a trial before the court without a jury, in an action of replevin.   Affirmed.

*Samuel R. Stern,* for appellants.

*Danson & Williams,* for cross-appellants.

CROW, J.—In 1904 the plaintiffs, Charles Hoffman, Edward S. Rothchild, Joseph S. Silverberg, and Maurice Schweitzer, copartners as Hoffman, Rothchild & Company, sold certain merchandise on credit to the defendants, George

[1]Reported in 102 Pac. 1045.

Martin and Charles B. Roosa, copartners as Martin & Roosa, then doing a mercantile business in Uniontown, Washington. The plaintiffs claim that to secure credit Martin & Roosa made to them and to certain commercial agencies false representations as to their financial worth. The firm of Martin & Roosa was dissolved on May 4, 1905, Martin selling his interests to Roosa. On May 15, 1905, Roosa made a voluntary assignment to the Spokane Jobbers Association, a corporation, for the benefit of the creditors of Martin & Roosa.

On May 21, 1905, the plaintiffs elected to rescind their sale, and commenced this action in Whitman county against Martin & Roosa and the Spokane Jobbers Association to replevin the goods sold. They alleged that Martin & Roosa had made the false and fraudulent representations to obtain credit; that relying thereon the plaintiffs sold them goods of the value of $2,190.75, upon which no payments had been made; that the firm of Martin & Roosa had been dissolved, and that Roosa had made an assignment to the Spokane Jobbers Association, to which the plaintiffs had not consented. Upon receipt of the proper affidavit and bond, the sheriff of Whitman county seized a portion of the goods, which he afterwards delivered to plaintiffs. No service was made upon Martin or Roosa, but the sheriff's return shows that he served copies of the summons and complaint upon one E. W. Newman, in Whitman county, at defendants' storehouse, the said E. W. Newman being then and there a person of suitable age and discretion and an employee of said defendants.

After plaintiffs had seized a portion of the goods, other creditors of Martin & Roosa filed a petition in involuntary bankruptcy, in the district court of the United States for Eastern Washington, whereupon George Martin and Charles B. Roosa were adjudged bankrupts, as individuals and partners, and one J. B. Campbell, who was elected their trustee in bankruptcy, was by stipulation of the parties appearing, permitted to intervene in this action. On October 18, 1905, the

defendant Spokane Jobbers Association and the intervener, J. B. Campbell, as trustee in bankruptcy, filed their answer, in which they affirmatively alleged that the plaintiffs had participated in and agreed to the voluntary assignment made by Charles B. Roosa; that thereby the plaintiffs had waived their right to rescind, and should be estopped from so doing.

No reply appears in the record, nor was any default claimed for want thereof. By a written stipulation the venue was changed to the superior court of Spokane county. Trial was commenced before J. D. Campbell, judge *pro tempore*, on July 6, 1907, Martin and Roosa failing to appear. After several adjournments, final judgment was entered on April 17, 1908, by which the plaintiffs were awarded the goods which they had seized, but were denied any judgment against Martin & Roosa as damages for the value of the goods not seized. From this judgment all parties appearing have appealed, and we will allude to them in this opinion as plaintiffs, defendant, and intervener.

The only evidence admitted was that offered by the plaintiffs. At its close the defendant Spokane Jobbers Association and the intervener, J. B. Campbell, trustee in bankruptcy, challenged its legal sufficiency, and moved that the complaint be dismissed. They further moved that, in the event of a denial of their motion to dismiss, the plaintiffs' recovery be limited to the retention of the goods seized under their affidavit in replevin. On argument, some question arose as to whether service had been made upon the defendants Martin and Roosa, and the cause was continued until April 10, 1908, to enable the plaintiffs to show the condition of the record in that regard. Thereafter, on April 10, 1908, the plaintiffs offered the following stipulation:

"It is hereby stipulated and agreed by and between Samuel R. Stern, attorney for the above named plaintiffs, and P. W. Kimball, attorney for the defendant, C. B. Roosa, individually, and as a member of the firm of Martin & Roosa, that judgment may be taken herein against the said defendant Roosa

individually and as a copartner of said firm, as though said defendant were in default for want of pleading and further appearance, it being the purpose of this stipulation to avoid the necessity of a formal motion for judgment against said defendant and because the said defendant does not intend further to appear herein, either in behalf of himself or the firm of which he was a member, and the referee herein may, without further notice, permit judgment to be taken as prayed for in the complaint, and such judgment may be entered herein as though applied for prior to the close of the plaintiffs' case before the Hon. J. D. Campbell, referee in bankruptcy.

"Dated this first day of April, 1908.

"Saml. R. Stern, Attorney for Plaintiffs.

"P. W. Kimball, Attorney for Defendant C. B. Roosa."

Thereupon the court denied permission to the plaintiffs to file the stipulation, and entered judgment as above stated. Two questions are presented for our consideration: (1) whether the plaintiffs were entitled to a judgment against the firm of Martin & Roosa for the return of the goods not taken, or their value; and (2) whether they were entitled to retain the goods actually taken by them under their affidavit in replevin.

The plaintiffs contend that the trial court erred, (1) in its refusal to allow them judgment against the firm of Martin & Roosa for the value of the goods not recovered, and (2) in its refusal to file the offered stipulation and to allow them judgment by confession against the firm of Martin & Roosa thereon. The plaintiffs were not entitled to judgment against the firm of Martin & Roosa without service on, or appearance by, them. The record fails to show that they were served, that they entered their appearance, or that any default was claimed against them. The substituted service upon E. W. Newman, clerk of the defendants, at their place of business, was of no value. Bal. Code, § 4875 (P. C. § 333), provides:

"The summons shall be served by delivering a copy thereof . . . to the defendant personally, or by leaving a

copy of the summons *at the house of his usual abode* with some person of suitable age and discretion *then resident therein.*"

Jurisdiction of the defendants could not be obtained under this section by the service shown in the sheriff's return. Plaintiffs assert that the service of the affidavit in replevin upon the defendants Martin and Roosa was a sufficient service of process in lieu of the summons and complaint; but such contention cannot be sustained for the reasons (1) that we have no statute authorizing any such service of an affidavit in an action of replevin to obtain jurisdiction of the parties, and (2) that in any event the affidavit in replevin was served in the same manner as the summons and complaint; that is, upon E. W. Newman at the defendants' place of business.

The only question for us to consider on the plaintiffs' appeal is whether the stipulation authorized judgment against the firm. On this stipulation the trial judge did enter judgment against the defendant Charles B. Roosa individually, but the plaintiffs failed to insert therein the amount allowed. It is manifest that the stipulation did not authorize the entry of any judgment against the partnership upon which the plaintiffs could receive a dividend from the proceeds of the partnership assets in the bankruptcy proceeding. In the absence of any statute to the contrary, one partner cannot execute a power to authorize the confession of a judgment against the firm without the consent of his copartner. *Bank of Shelton v. Willey*, 7 Wash. 535, 35 Pac. 411; 1 Bates, Partnership, § 377; George, Partnership, § 94.

Section 5095, Bal. Code (P. C. § 744), has to some extent changed this rule in actions upon contract, and in *Bank of Shelton v. Willey, supra*, this court, commenting on said section, in effect held that one partner in such an action may confess a judgment against all the partners, enforcible only against the partnership property, or the separate property of the partner making the confession. In this action, however, the plaintiffs have elected to rescind their contract of

sale, and are prosecuting an action of replevin arising in tort. On the stipulation and record before us, the plaintiffs were not entitled to any judgment enforcible against the partnership or its assets.

The defendant and intervener, by their cross-appeal, contend that, in the absence of any reply to their affirmative answer, they are entitled to judgment against the plaintiffs for the return or value of the goods actually taken by them, because the plaintiffs thereby admit that they had waived their right to rescind. The defendant and intervener are in no position to make this contention on the record before us. It does not appear that they attempted to default the plaintiffs on their failure to reply, that they moved for judgment, or that they called the attention of the trial court to this particular point in presenting their challenge to the evidence. This action was commenced in 1905. The answer was filed in October of that year. Final judgment was not entered until April, 1908. The defendant and intervener went to trial on pleadings which they now claim raised no issue. The entire record indicates that the only purpose of the trial was to determine whether the plaintiffs were entitled to judgment against the firm of Martin & Roosa for the recovery or value of the goods which they had failed to take under their affidavit in replevin. If the defendant and intervener were seeking a return of the goods which the plaintiffs had taken on their affidavit in replevin herein, they should have pressed that point by motion for judgment, or at the trial in the court below. It is too late for them to raise it for the first time in this court on their cross-appeal.

The judgment is affirmed. Neither party will recover costs in this court.

RUDKIN, C. J., MOUNT, DUNBAR, and FULLERTON, JJ., concur.

CHADWICK, GOSE, PARKER, and MORRIS, JJ., took no part.