[No. 15516. Department One. December 5, 1919.]

DIMMEN DEN BLEYKER, *Appellant,* v. KING COUNTY
et al., *Respondents.*[1]

APPEAL (198)—BOND—SURETIES—COMPETENCY. Upon appeal from
a judgment entered against a nonresident plaintiff and the sureties
upon his cost bond, an appeal bond with the same sureties is
insufficient.

SAME (207)—BOND—AMENDMENT. An appeal bond with part of
the appellants as sureties, is not amendable.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered June 30, 1919, upon
granting a nonsuit, dismissing an action in tort.
Dismissed.

*Elias A. Wright, Sam A. Wright,* and *Charles L.
Westcott,* for appellant.

*Fred C. Brown, Reeves Aylmore, Jr.,* and *Wm.
Parmerlee,* for respondent King County.

*Shorett, McLaren & Shorett* and *Edward R. Taylor,*
for respondents Stuckey.

MACKINTOSH, J.—Dimmen Den Bleyker, the appel-
lant, sued the respondents, King county and A. J.
Stuckey and wife, to recover damages for personal
injuries sustained as the result of stepping off the
edge of a dock. The appellant, being a nonresident of
King county, was required to, and did, furnish a non-
resident cost bond, with J. J. Hewitt and Frank B.
Cole as sureties. At the trial of the case in the superior
court, a motion for nonsuit was granted, and judg-
ment of dismissal and for costs in favor of all the
defendants was rendered against the plaintiff and

[1]Reported in 185 Pac. 613.

against the sureties upon his cost bond. Thereafter the appellant attempted to perfect an appeal to this court, and in that attempt filed his appeal bond, with J. J. Hewitt and Frank B. Cole as sureties thereon, the same parties against whom the judgment below was entered. Respondents have moved this court that the appeal be dismissed for the reason that no appeal bond with sureties as required by law has been furnished or filed.

In *Smith v. Beard,* 21 Wash. 204, 57 Pac. 796, the court said:

"The sureties on this bond are the parties against whom the judgment appealed from was entered, and the fact that they are a surety company does not distinguish them from any .of the rest of the judgment debtors. So that, in effect, this is a bond without any surety, and, inasmuch as it purports to be a stay bond and appeal bond both, it is not the bond provided by the statute. This being a matter affecting the substance, and not the form, of the appeal bond, it is a substantial defect, and is not such a defect as must be moved against in the superior court."

In *David v. Guich,* 30 Wash. 266, 70 Pac. 497, we said:

"The object of an appeal bond is to furnish the respondent with additional security during the pendency of the appeal. The judgment debtors are already bound by the judgment. Their obligation is not increased in any way by the mere formal furnishing of a bond signed by them. Such a bond would be valueless to the respondents, for, after a successful suit upon such bond, they would have nothing but a judgment, which they already have. Hence the bond is utterly worthless, and not in any sense the bond contemplated by the statute."

So here, the respondents having a judgment against Hewitt and Cole, if they, the respondents, were suc-

cessful in this court on hearing the case on the merits and were forced to sue on the purported appeal bond and were successful in such suit, they would have nothing in addition to the judgment which they already have against Hewitt and Cole, and as we said in *David v. Guich,* above, such a bond is worthless.

Appellant claims that, the bond here being not a supersedeas bond but an appeal bond, the rule established in the *Smith* and *David* cases does not apply. However, although the *Smith* case involved a supersedeas and appeal bond, the *David* case involved only an appeal bond, and is therefore strictly in point with the case at bar.

For these reasons, the appeal must be dismissed, and it is so ordered.

Holcomb, C. J., Main, Parker, and Mitchell, JJ., concur.