[No. 16569. Department Two. December 29, 1921.]

EDGAR M. SWAN, *as Executor etc., Appellant,* v. D. C. DILLABOUGH, *as Administrator etc., Respondent.*[1]

EXECUTORS AND ADMINISTRATORS (78, 79)—CLAIMS—TIME FOR PRESENTATION—STATUTES—CONSTRUCTION. Laws 1917, p. 672, § 107, barring claims against a decedent's estate unless filed with the clerk of the court within six months after service on the personal representative, does not apply to estates in course of administration prior to the passage of the probate code of 1917.

Appeal from an order of the superior court for Clarke county, Simpson, J., entered April 26, 1921, allowing a claim against a decedent's estate. Affirmed.

*Edgar M. Swan* and *R. C. Sugg,* for appellant.

*J. G. Arnold* and *Henry Bauer,* for respondent.

HOLCOMB, J.—Appellant is the executor of the estate of James C. Cunningham, deceased, which is being administered in the superior court of Clarke county. Respondent is the administrator of the estate of Mildred E. Dillabough, deceased, being administered in the same court. Notice to creditors in the Cunningham estate was first published on January 12, 1911.

On November 4, 1911, respondent presented to appellant a claim against the Cunningham estate in the sum of $1,800, which was allowed by appellant. The claim was not presented to the court for allowance until February 3, 1921. It was not filed with the clerk of the superior court until April 26, 1921. On February 3, 1921, the court made an order allowing the claim, and from that order the appellant has appealed.

Appellant contends that the superior court was in error in allowing the claim, for the reason that it was not filed with the clerk of the court within six months

[1] Reported in 203 Pac. 19.

after the probate code of 1917 (Laws of 1917, p. 642) went into effect, and that the superior court had no jurisdiction to allow a claim of this kind until after it had been filed with the clerk of the court.

It is argued that claims against estates of deceased persons are not enforcible under the common law, and have no validity except as provided by statute; and that it may be enforced only in the manner expressly specified in the statute; citing *Ward v. Magaha,* 71 Wash. 679, 129 Pac. 395, and *First Security & Loan Co. v. Englehart,* 107 Wash. 86, 181 Pac. 13.

It is contended that, within six months after the probate code of 1917 went into effect, it was essential that this claim be filed with the clerk of the superior court, it not having been theretofore filed or presented to the court; and not having been filed within six months after the probate code of 1917 went into effect, it became barred; citing *Moore v. Brownfield,* 7 Wash. 23, 34 Pac. 199; *McAuliff v. Parker,* 10 Wash. 141, 38 Pac. 744; *McQuesten v. Morrill,* 12 Wash. 335, 41 Pac. 56; and *In re Thompson's Estate,* 110 Wash. 635, 188 Pac. 784.

The claim was presented in accordance with the provisions of the probate code in effect before 1917. Under the old law it was not necessary for the claim to be filed within any certain time. Under the probate code of 1917 (Laws of 1917, p. 672, § 107), it is necessary that the claim be served on the executor or administrator, or his attorney of record, and filed with the clerk of the court, together with proof of such service, within six months after the date of the first publication of notice to creditors, and if it is not so filed within the time prescribed, it is barred.

Section 107 of the probate code of 1917, provides:

"Every executor or administrator shall, immediately after his appointment, cause to be published in some

newspaper printed in the county, . . . a notice that he has been appointed and has qualified as such executor or administrator, and therewith a notice to the creditors of the deceased, requiring all persons having claims against the deceased to serve the same . . ." etc.

There is nothing in the probate code of 1917 that in terms makes it retroactive, except it is retroactive in saving the benefits of all probate proceedings had before the taking effect of the act of 1917 and making them valid. Section 222, p. 707, Laws of 1917. And § 223, p. 707, of the Laws of 1917, provides that in all estates in probate at the time of the taking effect of the act, where notice to creditors had been given, or is being given, under the prior law, shall have the time such notices specified within which to present claims.

Assuredly it was never the intent of the legislature in framing the probate code of 1917 to make executors and administrators of estates then in process of probate begin all over again. That would be the effect of appellant's contention.

"Retroactive statutes are generally regarded with disfavor. Those not remedial will not be construed to operate restrospectively unless the intent that they shall do so is plainly expressed. Sutherland, Statutory Construction, § 463; Endlich on Interpretation of Statutes, § 281." *Rogers v. Trumbull*, 32 Wash. 211, 73 Pac. 381.

Where estates were being administered upon prior to the passage of the probate code of 1917, the procedure to be followed was under the old law, except where otherwise provided in the new code, and certainly it was not otherwise provided in the new code as to notice, filing and presentation of claims.

The trial court was right, and its order is affirmed.

PARKER, C. J., MAIN, MACKINTOSH, and HOVEY, JJ., concur.