[No. 28105. Department One. November 2, 1940.]

SPIRO BORIS, *Respondent*, v. JAMES E. ROSS *et al.*, *Appellants*.[1]

*Wettrick, Flood, O'Brien & Stuntz* and *Gilbert L. Whitley*, for appellants.

*Dwight N. Stevens*, for respondent.

MAIN, J.—This action was brought to recover the balance due upon a contract for the sale of a restaurant and the pictures and equipment used in connection therewith. After the action was instituted, the plaintiff caused a writ of attachment to issue and be levied upon an automobile owned by the defendants, who thereupon gave a redelivery bond. The sureties upon the redelivery bond were Hans Forster and Evelyn V. Forster, his wife. The trial before the court without a jury resulted in findings of fact from which it was concluded that the plaintiff was entitled to a judgment in the sum of $673.22. James E. Ross and wife gave notice of appeal. Mr. and Mrs. Forster did not appeal.

[1]Reported in 106 P. (2d) 1081.

The bond upon appeal was both a cost bond and a supersedeas bond, and the sureties upon it were Hans Forster and Evelyn V. Forster, his wife. It thus appears that the only sureties upon the bond were two of the judgment debtors.

This court has a number of times held that a bond upon appeal, whether a combined cost and supersedeas bond or simply a cost bond, where the sureties are judgment debtors, is not such a bond as is required by the statute. The defect is one of substance and not of form, and a defect of this character cannot be cured by giving a new and sufficient bond after the time for filing the bond has expired. *Smith v. Beard,* 21 Wash. 204, 57 Pac. 796; *David v. Guich,* 30 Wash. 266, 70 Pac. 497; *Den Bleyker v. King County,* 108 Wash. 687, 185 Pac. 613.

It necessarily follows that the motion to dismiss the appeal must be granted, and it is hereby ordered that the appeal be dismissed.

BLAKE, C. J., STEINERT, ROBINSON, and DRIVER, JJ., concur.