[No. 29551. Department Two. June 12, 1945.]

W. E. GAMBLE, *Appellant*, v. ALDER GROUP MINING & SMELT-ING COMPANY *et al., Defendants*, THE SEATTLE-FIRST NATIONAL BANK, *acting through its Spokane & Eastern Bank Branch, as Receiver, Respondent.*[1]

*J. A. Aiken, Lucius G. Nash*, and *William E. Cullen*, for appellant.

*Ed B. Powell*, for respondent.

BLAKE, J.—This is an appeal from an order entered September 20, 1944, approving a sale by the receiver of the Alder Group Mining & Smelting Company.

At the threshold we are confronted with a motion to dismiss the appeal on the ground that no notice of appeal was served upon Mahlon McCain, the purchaser at the receiver's sale.

A purchaser at a receiver's sale becomes a party to the action (*Rice v. Ahlman*, 70 Wash. 12, 126 Pac. 66), and if he is not served with notice of appeal, the appeal must be dismissed. *Raymond Co. v. Little Falls Fire Clay Co.*, 72 Wash. 209, 130 Pac. 93. See, also, *Robertson Mortgage Co. v. Thomas*, 63 Wash. 316, 115 Pac. 312.

Appellant seems to take the position that the deci-

[1] Reported in 159 P. (2d) 624.

sions cited are not controlling because, on the merits of the appeal, he challenges the jurisdiction of the superior court in its order appointing the receiver, and in all subsequent proceedings.

Assuming the position is sound, it avails appellant nothing, for this court has no jurisdiction of the cause. In order to confer jurisdiction on this court, notice of appeal must be given to all parties entitled to it under Rem. Rev. Stat., § 1720 [P.P.C. § 5-13]. *Winters v. Grays Harbor Boom Co.*, 19 Wash. 346, 53 Pac. 368; *Pierce v. Commercial Inv. Co.*, 31 Wash. 655, 72 Pac. 473. In the former case, the court said, p. 347:

"We have repeatedly held that the notice of appeal is jurisdictional and cannot be dispensed with, and the court can only obtain jurisdiction when the statute on the subject of appeals is complied with."

Appeal dismissed.

BEALS, C. J., ROBINSON, SIMPSON, and MALLERY, JJ., concur.

---

July 26, 1945. Petition for rehearing denied.