[No. 25784-3-III.    Division Three.    November 27, 2007.]

DIANA J. DOLBY ET AL., *Appellants*, v. WALTER B. WORTHY ET AL., *Respondents*.

*W. Russell Van Camp* (of *Van Camp & Deissner*), for appellants.

*Gordon G. Hauschild* (of *Jackson & Wallace*), for respondents.

¶1 KULIK, J. — Diana and Loren Michael Dolby filed a lawsuit against Walter and Karen Worthy, doing business as Worthy Enterprises. The Dolbys attempted to effect service by serving Crystal Pagel, an administrative office assistant at Worthy Enterprises. The court granted the Worthys' motion to dismiss for lack of proper service of process within the statutory time period. The Worthys do business as a sole proprietorship, not a corporation. Accordingly, the Dolbys must serve them personally or at their home. We, therefore, affirm the trial court.

## FACTS

¶2 Walter Worthy operates Worthy Enterprises as a sole proprietorship. The business office for Worthy Enterprises is located at 316 West Boone Avenue. Crystal Pagel is an administrative office assistant for the business.

¶3 Diana and Loren Michael Dolby filed a lawsuit naming Walter Worthy and Karen Worthy, individually and as a marital community, doing business as Worthy Enterprises. On March 13, 2006, a process server left a copy of the summons and complaint with Ms. Pagel at the office of Worthy Enterprises.

¶4 The statutory limitation period expired without personal or abode service on either Walter or Karen Worthy. The Worthys moved to dismiss for failure to properly commence the suit within the limitation period. The motion was granted. The Dolbys appeal.

## ANALYSIS

¶5 Questions of law are reviewed de novo. *State v. Womac*, 160 Wn.2d 643, 649, 160 P.3d 40 (2007).

¶6 RCW 4.28.080 governs service of lawsuits and subsection (9) governs how to serve a company or corporation.[1] Service on either entity can be obtained by serving particular employees of the business, including an office assistant of the president. Subsection (15) governs personal

---

[1] RCW 4.28.080 states, in part:

Service made in the modes provided in this section shall be taken and held to be personal service. The summons shall be served by delivering a copy thereof, as follows:

. . . .

(9) If the suit be against a company or corporation other than those designated in the preceding subdivisions of this section, to the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent.

service for individual defendants. An individual can be served in two ways: personal service, where the summons and complaint are delivered directly to the defendant, or abode service, where the summons and complaint are delivered to one of suitable age and discretion who lives with the defendant in his or her place of residence. RCW 4.28.080(15); CR 4(d)(1).

¶7 No definition of the term "company" is provided in RCW 4.28.080. *Black's Law Dictionary* defines "company" as "[a] corporation — or, less commonly, an association, partnership, or union — that carries on a commercial or industrial enterprise." BLACK'S LAW DICTIONARY 298 (8th ed. 2004). *Webster's Third New International Dictionary* defines "company" as "an association of persons for carrying on a commercial or industrial enterprise or business (as a partnership or stock company)." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 461 (1993).

¶8 The issue here is whether a sole proprietorship qualifies as a company for purposes of RCW 4.28.080(9). In the complaint, the Worthys were listed as individuals doing business as Worthy Enterprises. Worthy Enterprises is a sole proprietorship. A sole proprietorship is the simplest form of doing business because no legal entity is created. 1B KELLY KUNSCH, WASHINGTON PRACTICE: METHODS OF PRACTICE § 65.2, at 120 (4th ed. 1997). Income is taxed through the owner and the owner is responsible for all debts. *Id*. A sole proprietorship does not receive the protections afforded to an incorporated business, and a sole proprietorship does not have legal standing to sue or be sued in its own right. To sue a sole proprietorship, one must sue the individuals comprising the business.

¶9 The Washington Supreme Court interprets the service statute in light of the statute's dual purposes. The dual purposes are to "(1) provide means to serve defendants in a fashion reasonably calculated to accomplish notice and (2) allow injured parties a reasonable means to serve defendants." *Sheldon v. Fettig*, 129 Wn.2d 601, 608, 919 P.2d 1209 (1996).

¶10 The Supreme Court has rejected attempts to serve common law partnership members, analogous to present day sole proprietorships, by serving a partnership employee at a place of business. *See Coughlin v. Pinkerton*, 41 Wash. 500, 84 P. 14 (1906). The court has stated that members of a common law business firm must be served personally or at their usual place of abode, not a business address. *Hoffman v. Spokane Jobbers' Ass'n*, 54 Wash. 179, 182-83, 102 P. 1045 (1909). Notably, in 1996 the legislature amended RCW 4.28.080 to allow for service at a person's place of business, but withdrew that amendment in 1997 so that either personal service or usual abode service is all that is allowed. *See* 14 KARL B. TEGLAND, WASHINGTON PRACTICE: CIVIL PROCEDURE § 8.5, at 200-01 (1st ed. 2003).

¶11 Because the Worthys must be treated as individual defendants, they had to be served personally or by abode service. Neither service occurred here. An individual defendant cannot be served by serving an employee at defendant's place of business. *French v. Gabriel*, 57 Wn. App. 217, 225-26, 788 P.2d 569 (1990), *aff'd*, 116 Wn.2d 584, 806 P.2d 1234 (1991).

¶12 Service was not obtained before the statute of limitations expired. The trial court properly granted the Worthys' motion to dismiss. Accordingly, we must affirm.

Sweeney, C.J., and STEPHENS, J., concur.

Review denied at 164 Wn.2d 1004 (2008).